FRANK, Judge.
Intermodal had agreed with Kane Furniture to haul trailers from Tampa’s railroad yard to Kane’s headquarters in St. Peters-burg to be unloaded and redirected to Tampa. Incident to the service provided by Intermodal, detention charges accrued when the trailers were not returned to the Tampa yard within the period prescribed in an ICC tariff. Intermodal attributed the delay to Kane and sued on an open account claiming damages in the amount of $45,-765.00.
The matter was scheduled for a non-jury trial on May 13, 1987. We are able to distill from the transcript of that day’s events that counsel for the parties stated their clients’ positions and that which the evidence would disclose. They argued whether the evidence as a matter of law would sustain an action on an open account. The trial court, it appears, was persuaded that Intermodal could not prevail on the concept of an open account and that a theory based upon breach of contract should have been pleaded. Thus, it dismissed the complaint. On May 20, 1987, the trial court entered an order confirming its May 13 ruling and accorded Kane ten days within which to respond to an amended pleading to be filed by Intermodal. The order does not, however, fix a time within which Intermodal’s pleading was to be filed. On June 8,1987, without notice to or service of Kane’s proposed judgment upon Intermodal, the trial court entered a final judgment in favor of Kane, and on August 4, 1987, it denied Intermodal’s post-judgment motions. Intermodal timely appealed.
Kane urges us to the view that the record reflects an understanding that the May 13 hearing terminated this matter thus resulting in an erroneous entry of the May 20 order. Kane expands its contention to include the notion that the trial *1049 court would have granted Intermodal’s post-judgment motions had it agreed that the May 20 order was erroneously entered. We reject Kane’s position. After listening to the attorneys’ statements, the trial court concluded that Intermodal did not have a valid claim based upon an open account. At that point it granted Kane’s motion to dismiss but subsequent discussion and comments leave no doubt that everyone anticipated that the action would continue under a theory other than an open account. Moreover, the record reflects that Kane was furnished with a copy of the May 20 order prior to its execution and was accorded time to announce, which it failed to do, any objection to its entry by the trial court.
We reverse and vacate the final judgment entered on June 8. This matter is remanded to permit Intermodal the opportunity to amend its complaint to state a cause of action based upon a claimed breach of contract. See, Neu v. Turgel, 480 So.2d 216 (Fla. 3d DCA 1985), cause dismissed, 486 So.2d 598 (Fla.1986).
DANAHY, C.J., and RYDER, J., concur.