538 So.2d 1386 (1989)
Sophia J. GIBBONS, n/k/a Sophia J. Raczkowski, Appellant,
v.
L.W. BLAKE MEMORIAL HOSPITAL, Carl Heinzerling, M.D., et al., Appellees.
No. 88-279.
District Court of Appeal of Florida, Second District.
March 3, 1989.
Sophia J. Gibbons, pro se.
Troy J. Crotts and James B. Thompson of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellee, L.W. Blake Memorial Hosp.
Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellee, Carl Heinzerling, M.D.
PER CURIAM.
The appellant, Sophia J. Gibbons, now known as Sophia J. Raczkowski, challenges the trial court's order denying her motion for relief from judgment. We affirm.
The appellant filed a complaint in the circuit court listing several defendants, including the appellees, L.W. Blake Memorial Hospital, Carl Heinzerling, M.D., and C.G. Rao, M.D. In response to this complaint, appellee Rao filed a letter denying any involvement in the alleged incident. Appellee Blake Memorial filed a motion to dismiss the complaint alleging that the appellant failed to state a cause of action and that the action was barred by the statute of limitations. Appellee Henizerling also filed a motion to dismiss the complaint based on the statute of limitations.
The trial court granted both motions to dismiss, but also granted the appellant twenty days to file an amended complaint. After the appellant failed to amend her complaint within twenty days, the trial court dismissed the complaint with prejudice and entered a final judgment in favor of appellees Blake Memorial and Heinzerling. *1387 (Based upon the record presented, it appears this action is still pending against appellee Rao.) The appellant then filed a motion for relief from judgment due to excusable neglect pursuant to Florida Rule of Civil Procedure 1.540(b). The trial court denied the motion, and this timely appeal followed.
At the outset we note that the trial court's initial order dismissing the complaint with leave to amend did not specifically indicate that the appellant's failure to timely amend would result in a dismissal without further notice, and in addition, the record does not reveal whether the appellant was given separate notice of the hearing to dismiss with prejudice. Although these deficiencies may reveal the possibility of procedural error, Intermodal Transp. Serv., Inc. v. Kane Furniture, 522 So.2d 1048 (Fla.2d DCA 1988); Neu v. Turgel, 480 So.2d 216 (Fla.3d DCA 1985), cause dismissed, 486 So.2d 598 (Fla. 1986), the appellant's failure to timely appeal the final judgment precludes this court from considering such issues. A motion for relief from judgment does not affect the finality of the judgment or suspend its operation. Fla.R.Civ.P. 1.540(b); Bland v. Mitchell, 245 So.2d 47 (Fla. 1970); Odum v. Morningstar, 158 So.2d 776 (Fla.2d DCA 1963). See also, Graham v. Eisele, 245 So.2d 682 (Fla. 3d DCA 1971). We, therefore, address only the trial court's denial of the appellant's motion for relief from judgment.
The decision of whether to grant or deny a rule 1.540(b) motion for relief from a final judgment is within the trial court's broad discretion. See Schwab & Co., Inc. v. Breezy Bay, Inc., 360 So.2d 117 (Fla. 3d DCA 1978). The appellant's motion asserts excusable neglect due to "various health reasons/difficulties, [e.g.], pending surgery/surgeries." The record on appeal, however, does not contain any competent evidence to support the appellant's claim of excusable neglect or a transcript of the hearing on the appellant's motion for relief. See Bei v. Harper, 475 So.2d 912 (Fla. 2d DCA 1985) (appellant has burden to submit adequate record to support appeal). See also, Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979). Since the record before us contains no evidence of excusable neglect, the appellant has failed to show any abuse of discretion by the trial court in denying her motion for relief from judgment. See Schwab. We, accordingly, affirm.
AFFIRMED.
SCHOONOVER, A.C.J., and PARKER and PATTERSON, JJ., concur.