PER CURIAM.
The appellant, Raymond A Haas, challenges the final judgments entered in favor of appellees, Michael A Roe and Joseph T. Patsko. We agree that the trial court erred in entering final judgments in favor of Roe and Patsko and reverse and remand.
The appellant filed a complaint against his former law firm, Haas, Austin, Ley, Roe and Patsko, Inc. (HALRP), a Florida corporation, as well as his former law partners, Bruce Austin, Paul Ley, Michael Roe, and Joseph Patsko. The appellant sought declaratory and equitable relief and damages for breach of contract. Austin, Ley, Roe, Patsko, and HALRP flied motions to dismiss the complaint contending that the claims against them were deficient as a matter of law. The trial court granted the motion to dismiss, without prejudice, for failure to state a cause of action. In its order of dismissal the trial court gave the appellant thirty days to amend the complaint.
Appellant amended the complaint within thirty days, but failed to include Austin, Ley, Roe, and Patsko as defendants in the amended complaint; instead, appellant amended only as to defendant HALRP. Roe and Pat-sko sent final judgments to the trial court stating that all actions against them were extinguished since appellant did not include them in the amended complaint. The trial court signed both final judgments without discussion on the matter. The appellant filed a timely notice of appeal.
We agree with appellant that the trial court erred in entering the final judgments. *1118 In a similar situation, the Third District held that when a court dismisses a complaint for failure to state a cause of action with leave to amend, the court may dismiss the complaint with prejudice only upon the occurrence of two conditions. Those are: “(1) separate notice to plaintiff of hearing on the motion for dismissal or entry of final judgment, or (2) the order dismissing the complaint with leave to amend specifically provides that on failure to amend within the stated time, the cause will be dismissed without further notice.” Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51, 54-55 (Fla. 3d DCA 1982); accord Gibbons v. Blake Memorial Hosp., 538 So.2d 1386 (Fla. 2d DCA 1989).
It does not appear from the record that the trial judge provided appellant with separate notice that he would be entering final judgments for Roe and Patsko, as condition one of Nezelek requires. The court scheduled two hearings for October 25, 1996: one at 9:15 a.m. for the defendants’ motion for entitlement to fees and costs and motions to compel, and one scheduled for 10:45 a.m. on both the plaintiffs and defendants’ motions to compel. Appellant’s counsel left at the conclusion of the 9:15 a.m. hearing, as the court took a small break between the 9:15 a.m. and 10:45 a.m. hearing. When the hearing resumed at 10:50 a.m., appellant’s counsel was not present. Nothing in the record explains why neither appellant nor his counsel attended the 10:45 a.m. hearing.
Although the court scheduled only motions to compel to be heard at 10:45 a.m., after the end of this hearing the judge asked if there was any other unfinished business. At that time Roe and Patsko indicated that they had sent the court final judgments which they wanted the court to sign. They then stated that since appellant did not include Roe and Patsko in the amended complaint, final judgments should be entered as to them to “show that this thing is resolved.” They asked the court if it had received the final judgments, to which the court responded “yes.” The court did not make any further remarks regarding the final judgments and concluded the hearing; however, the court did sign both the Roe and Patsko final judgments the same day as this hearing.
There is no separate notice of hearing in the record to indicate that the court would be considering the entry of final judgments for Roe and Patsko. Thus, condition one of Nezelek was not met. See Nezelek, 413 So.2d at 54-55.
Nevertheless, Roe and Patsko argue that because appellant did not include them in the amended complaint within thirty days, actions against them were dismissed with prejudice. Although the appellant did not amend as to Roe and Patsko within thirty days, the court did not specifically state in its order of dismissal with leave to amend that the cause would be dismissed with prejudice without further notice if the appellant did not amend the complaint. Thus, the second condition set forth in Nezelek was not met. See Neze-lek, 413 So.2d at 54-55. Since neither condition one nor two of Nezelek was met, the trial court erred in entering final judgments in favor of appellees Roe and Patsko.
Accordingly, we reverse and remand for further proceedings.
Reversed and remanded for further proceedings.
FRANK, A.C.J., BLUE, J„ and DAVID A. DEMERS, Associate Judge, concur.