898 So.2d 1208 (2005)
Peachie D. TIANVAN, Appellant,
v.
AVCO CORP., a foreign corporation for profit; and/or its subsidiary, division or related company, Avco Corp. Lycomming, a foreign corporation for profit; Parker-Hannifin, Corp., a foreign corporation for profit; Lear Romec, a foreign corporation for profit; Airmark Overhaul, Inc., a corporation for profit; Certified Engines Unlimited, Inc., a corporation for profit; Crane Co., a foreign corporation for profit; Consolidated Fuel Systems, Inc., a foreign corporation for profit, Appellees.
No. 4D04-2498.
District Court of Appeal of Florida, Fourth District.
April 13, 2005.
Michael Moulis of Moulis & Associates, P.A., Fort Lauderdale, for appellant.
*1209 Michael C. Siboni and Robert B. Buchanan of Siboni, Hamer & Buchanan, P.A., Ocala, for appellees Avco Corp. and Avco Corp. Lycomming.
Troy A. Fuhrman of Hill, Ward & Henderson, P.A., Tampa, for appellee Parker-Hannifin Corp.
Carolyn A. Pickard and John M. Murray of Murray, Marin & Herman, P.A., Coral Gables, for appellee Certified Engines Unlimited, Inc.
Gregory P. Sreenan and Peter C. Lenart of Sreenan & Associates, P.A., Miami, for appellee Crane Co.
William G. Burd, William T. McCauley and Patrick J. Rengstl of Tew Cardenas LLP, Miami, for appellee Consolidated Fuel Systems, Inc.
PER CURIAM.
We reverse the trial court's dismissal of appellant's complaint with prejudice as a sanction for failing to respond to discovery requests and comply with orders compelling discovery. In dismissing this action, the trial court failed to make express written findings of fact supporting the conclusion that the failure to obey the court orders demonstrated willful or deliberate disregard. See Ham v. Dunmire, 891 So.2d 492, 495 (Fla.2004) ("The dismissal of an action based on the violation of a discovery order will constitute abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard."); Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990) (holding that the trial court must make a "finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard").
Accordingly, we reverse and remand for the trial court to consider the factors articulated in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993), in determining whether dismissal is appropriate for the discovery violations at issue and to make written factual findings regarding willful or deliberate disregard if the court again concludes that dismissal is an appropriate sanction.
Reversed and Remanded.
KLEIN, SHAHOOD AND TAYLOR, JJ., concur.