CORTINAS, J.
 

 We reverse the trial court’s dismissal with prejudice of appellants’ case for failure to comply with certain discovery orders. “Because dismissal is the ultimate sanction in the adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result.”
 
 Kozel v. Ostendorf,
 
 629 So.2d 817, 818 (Fla.1993). To ensure that the sanction of dismissal is prudently applied, trial courts must first
 
 *389
 
 make certain preliminary findings of fact.
 
 Tianvan v. AVCO Corp.,
 
 898 So.2d 1208, 1209 (Fla. 4th DCA 2005). These findings must address:
 

 1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.
 

 Kozel,
 
 629 So.2d at 818.
 

 Here, there is no showing that the trial court made preliminary findings of fact concerning each of the
 
 Kozel
 
 factors. Accordingly, we reverse the order of dismissal with prejudice and remand to the trial court to consider all six
 
 Kozel
 
 factors. If, after considering the six factors, the trial court determines that no less severe sanction is appropriate, and again dismisses the case with prejudice, the trial court shall include in its order of dismissal findings of fact and conclusions of law with respect to each of the
 
 Kozel
 
 factors. See
 
 Smith v. City of Panama,
 
 951 So.2d 959, 962 (Fla. 1st DCA 2007).
 

 Reversed and remanded.