LAGOA, Judge.
Reynaldo Buroz-Henriquez (“Buroz-Henriquez”) appeals from the trial court’s order removing him as the personal representative of his father’s estate, striking his pleadings and testimony, and entering a default. Buroz-Henriquez also appeals from a separate order awarding attorney’s fees in the amount of $25,875.00 to the appellee’s attorney.[1] The trial court entered the orders as sanctions for Buroz-Henriquez’s alleged repeated failures to comply with the court’s discovery orders. For the following reasons, we reverse.
It is well established that before a court may dismiss a cause or default a party as a sanction, it must first consider each of the following six factors set forth in Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993):
1. whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.
Accord Ham v. Dunmire, 891 So.2d 492 (Fla.2004). Moreover, before a trial court enters the extreme sanction of dismissal or default, it must set forth explicit findings of fact in the order imposing the sanction. Alvarado v. Snow White & The Seven Dwarfs, Inc., 8 So.3d 388 (Fla. 3d DCA 2009) (reversing and remanding dismissal *1142 for findings on all six Kozel factors); Coconut Grove Playhouse, Inc. v. Knight-Ridder, Inc., 935 So.2d 597 (Fla. 3d DCA 2006) (quashing order tantamount to default and remanding for trial court to make express findings). “Express findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation.” Ham, 891 So.2d at 496 (citing Commonwealth Fed. Savings & Loan Ass’n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990)).
Because the order on appeal contains no findings of fact concerning any of the Kozel factors, we' are compelled to reverse the order and remand for consideration of the Kozel factors. In doing so, we do not address the merits of the underlying claims for contempt and sanctions made by the appellee below. If, on remand, the trial court determines that, after considering the Kozel factors, sanctions of dismissal and/or default are appropriate, then the trial court shall include in its order findings of fact with respect to each factor. See Alvarado, 8 So.3d at 389. Additionally, because the fee award was based upon the trial court’s order imposing sanctions, we reverse the trial court’s order awarding fees to the appellee’s attorney.
Reversed and remanded.

. The trial court's order directed the Estate Depository at Mellon Bank to distribute the fee award directly to the attorney.