PER CURIAM.
James Hawthorne appeals the order dismissing his complaint against Scotty Wesley, Fire Equipment Service, and Gevity HR with prejudice. ■ We are very sympathetic to. the trial court’s and the Appel-lees’ frustration with Hawthorne’s failure to set this case for trial. But we must reverse because the trial court failed to consider the factors set forth in Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993), for determining whether dismissal with prejudice was warranted.
Hawthorne characterizes the order of dismissal as being for lack of prosecution, Fla. R. Civ. P. 1.420(e), but we agree with the Appellees that it was for failure to obey a court order, Fla. R. Civ. P. 1.420(b).[1] The order of dismissal was entered as a result of the Appellees’ ore tenus motion made at the conclusion of the January 25, 2011, hearing on Hawthorne’s second motion for mediation. After the trial court stated that it was denying the motion for mediation, the Appellees moved to dismiss the case for noncompliance with the court’s November 9, 2010, order giving Hawthorne thirty days to move his case forward or the court would dismiss it with prejudice. The order of dismissal contains no findings of fact.
The hearing from which the November 9 order resulted was a hearing on the Appellees’ motion to dismiss for lack of prosecution. That motion was denied.[2] However, at that hearing, after asking counsel for Hawthorne when the case was going to be moved forward, the trial court advised counsel that when it receives a notice that a case is at issue, among other things, it orders the case to mediation. The court was of the opinion that motions for mediation do not move the case forward. The court’s comments notwithstanding, counsel for Hawthorne asked the court if she could set a “hearing for the Court to send the parties to mediation.” The court stated that the appropriate pro *1185 cedure was for counsel to contact the court’s judicial assistant to schedule hearings. After stating that the case was “ridiculously old,” the court announced that it expected “movement” on the case within thirty days or it would enter an order dismissing the case with prejudice.
The court did not follow through with its warning. Instead, as noted, over two months later, it granted the Appellees’ ore tenus motion to dismiss for failure to comply with the November 9 order.[3]
In Kozel, 629 So.2d at 818, the supreme court set forth a six-factor test for determining whether dismissal with prejudice is warranted:
1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.
“The trial court’s failure to consider the Kozel factors in determining whether dismissal was appropriate is, by itself, a basis for remand for application of the correct standard.” Ham v. Dunmire, 891 So.2d 492, 500 (Fla.2004). In addition, it is an abuse of the trial court’s discretion to dismiss an action without making
express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard. See Commonwealth Fed. Savings & Loan Ass’n v. Tubero, 569 So.2d 1271 (Fla.1990)..... While no “magic words” are required, the trial court must make a “finding that the conduct upon which the order is based was the equivalent to willfulness or deliberate disregard.” Id.
Ham, 891 So.2d at 495-96.
Accordingly, we reverse the order dismissing Hawthorne’s complaint with prejudice and remand for proceedings consistent with this opinion.
Reversed and remanded.
WHATLEY, WALLACE, and CRENSHAW, JJ„ Concur.

. The ability of trial judges to dismiss a case for lack of prosecution has been significantly constrained. See Chemrock Corp. v. Tampa Elec. Co., 71 So.3d 786 (Fla.2011).

. Although the court did not say why it was denying the Appellees' motion, we note that the motion was filed on May 17, 2010, but counsel for Hawthorne had filed a second amended motion for mediation and a notice of change of address on April 28, 2010. The Appellees’ counsel stated at the hearing that he had not received these filings.

. The warning in the November 9 order that Hawthorne's complaint would be dismissed with prejudice if Hawthorne failed to move his case forward satisfies the notice requirement of Florida Rule of Civil Procedure 1.420(b). See Haas v. Roe, 704 So.2d 1117, 1118 (Fla. 2d DCA 1998) (citing Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51, 54-55 (Fla. 3d DCA 1982)).