CONFESSION OF ERROR
 

 LAGOA, J.
 

 Appellant Deutsche Bank National Trust Company appeals an order dismissing its complaint with prejudice as a sanction for misconduct. We agree with appel-lees’ confession of error that the trial court’s order must be reversed.
 

 It is well settled that a court must first consider each of the following six factors delineated in
 
 Kozel v. Ostendorf,
 
 629 So.2d 817, 818 (Fla.1993), before dismissing a case as a sanction:
 

 1. whether the attorney’s disobedience was willful, deliberate, or contumacious,
 
 *1182
 
 rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.
 

 Buroz-Henriquez v. De Buroz,
 
 19 So.3d 1140, 1141 (Fla. 3d DCA 2009);
 
 accord Ham v. Dunmire,
 
 891 So.2d 492, 496 (Fla. 2004);
 
 see Arkiteknic, Inc. v. United Glass Laminating, Inc.,
 
 53 So.3d 366, 367 (Fla. 3d DCA 2011);
 
 Alvarado v. Snow White & the Seven Dwarfs, Inc.,
 
 8 So.3d 388 (Fla. 3d DCA 2009);
 
 Alsina v. Gonzalez,
 
 83 So.3d 962 (Fla. 4th DCA 2012);
 
 Hawthorne v. Wesley,
 
 82 So.3d 1183 (Fla. 2d DCA 2012). In so doing, the trial court must make express findings of fact concerning each of the
 
 Kozel
 
 factors. “Express findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation.”
 
 Ham,
 
 891 So.2d at 496;
 
 see also Buroz-Henriquez,
 
 19 So.3d at 1142;
 
 Alvarado,
 
 8 So.3d at 388;
 
 Hawthorne,
 
 82 So.3d at 1184.
 

 . Here, the trial court dismissed Deutsche Bank’s complaint as a sanction. However, the order does not reflect that the trial court considered the
 
 Kozel
 
 factors or that the trial court made the required written findings of fact addressing each factor. Accordingly, we reverse the order of dismissal and remand for consideration of those factors. If, on remand, the trial court determines, after considering the
 
 Kozel
 
 factors, that dismissal is appropriate the trial court shall include in its written order findings of fact with respect to each factor.
 
 See Arkiteknic, Inc.,
 
 53 So.3d at 367;
 
 Buroz-Henriquez,
 
 19 So.3d at 1142;
 
 Alvarado,
 
 8 So.3d at 389.
 

 Reversed and remanded for further proceedings consistent with this opinion.