PER CURIAM.
Wells Fargo Bank, N.A. (“Wells Fargo”) appeals an order dismissing -without prejudice its action against Erica J. Stahler.[1] Wells Fargo filed a complaint against Stahler, seeking to reestablish a lost note and mortgage, and to foreclose on certain real property. During the pendency of the litigation, Stahler moved to compel better answers to interrogatories, and to compel production of requested documents, arguing that the first set of responses was evasive and nonresponsive. The trial court granted those motions.[2] Wells Fargo responded by filing a new set of responses to the interrogatories and requests for production. Unsatisfied with Wells Fargo’s response, Stahler filed a motion to dismiss with prejudice, arguing, among other things, that Wells Fargo’s new responses were not compliant with the trial court’s order.
The trial court held a hearing on the motion to dismiss. Stahler argued that because Wells Fargo had failed to comply with the court’s order, the complaint should be dismissed. Wells Fargo argued at length about its own efforts to comply with the court’s order, the vagueness of the interrogatories and requests for production, and its compliance with a monetary sanction imposed by the court. After hearing from both sides, the trial court dismissed the case without prejudice.
The dismissal without prejudice was clearly intended as a sanction for perceived discovery abuses. As such, we agree with Wells Fargo that the trial court erred in failing to include in its order a written finding of willful or intentional defiance of court authority. Commonwealth Fed. Savings & Loans Ass’n v. Tubero, 569 So.2d 1271 (Fla.1990). Dismissal “based on the violation of a discovery or *1107 der requires express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard.” Erdman v. Bloch, 65 So.3d 62, 66 (Fla. 5th DCA 2011). “[C]ontinuing and repeated failure to comply” is not the equivalent of “willful” or “contumacious” behavior, even if it does reflect “sloppy, inattentive and inadequate” counsel. Kelley v. Schmidt, 613 So.2d 918, 920 (Fla. 5th DCA 1993). Generally, “a protracted history of discovery abuses, numerous motions to compel, prior sanctions by the trial court, patent prejudice to the opposing party, or other circumstances” may support a finding of willful or deliberate disregard, but written findings are ultimately needed. Ham v. Dunmire, 891 So.2d 492, 499 (Fla.2004). The order of dismissal makes no findings; additionally, nothing in the current record reflects willful defiance of the court’s order or contumacious behavior.
REVERSED.
PALMER, EVANDER and COHEN, JJ., concur.

. While titled “without prejudice,” it is conceded that the intent of the court was to put an end to judicial labor in the case. There were no actions Wells Fargo could take short of attempting to file a new lawsuit. See Valcarcel v. Chase Bank USA NA, 54 So.3d 989, 990 (Fla. 4th DCA 2010). Appellee has argued, “However, if the Appellant were foolish enough to file another action utilizing the exact same default date as alleged in the first action, then the new case may be barred by res judicata, and it would suffer irreparable harm, albeit at its own hand.”

. Another judge had been assigned to the case at that time.