DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE BANK OF NEW YORK MELLON** f/k/a
**THE BANK OF NEW YORK,**
**AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWMBS, INC.,**
**CHL MORTGAGE PASS-TROUGH TRUST 2006-HYB 2**
**MORTGAGE PASS-TROUGH CERTIFICATES, SERIES 2006-HYB 2,**
Appellant,

v.

**JEFFREY KOSSIS, MARLENE KOSSIS,**
**MEADOWS ON THE GREEN CONDOMINIUM ASSOCIATION, INC.,**
**THE 300 PROPERTY OWNERS ASSOCIATION, INC.,** and
**UNKNOWN TENANT IN POSSESSION OF THE SUBJECT PROPERTY,**
Appellees.

No. 4D12-3855

[May 27, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard H. Harrison, Senior Judge; L.T. Case No. 502011CA018402XXXXMB.

Karene Lynn Tygenhof and Wm. David Newman, Jr., of Choice Legal Group, P.A., Fort Lauderdale, and substituted as counsel after filing of initial brief, Shaib Rios of Brock & Scott, PLLC, Fort Lauderdale, for appellant.

Peter Ticktin, Josh Bleil, Kendrick Almaguer and Nusrat Aziz of The Ticktin Law Group, P.A., Deerfield Beach, for appellees Jeffrey Kossis and Marlene Kossis.

GERBER, J.

The bank appeals from the circuit court's order dismissing the bank's foreclosure action without prejudice as a sanction for the bank's failure to comply with a discovery order. The bank primarily argues the court erred by dismissing the action without the requisite written findings of fact to support such a sanction. We agree with that argument. Therefore, we reverse the dismissal order and remand for further proceedings.

After the bank filed its foreclosure action, the homeowners served interrogatories and a request for production on the bank. The bank failed to timely respond to the requests. The homeowners, by e-mail, attempted to obtain the bank's responses. The bank still did not respond. The homeowners then filed an ex-parte motion to compel the bank's responses. The court granted the motion, giving the bank a period of time to serve its responses. The bank failed to comply timely with the court's order.

The bank later served its belated response to the homeowners' request for production, including some objections. However, the bank did not serve its responses to the homeowners' interrogatories.

Based on the bank's failure to comply with the court's discovery order, the homeowners filed a motion for sanctions. In the motion, the homeowners stated: "Prohibiting the [bank] from supporting its claims . . . is a sanction proportionate with the violation committed."

The day before the hearing on the motion for sanctions, the bank served its unverified responses to the homeowners' interrogatories, including some objections.

After the hearing on the motion for sanctions, the court entered a written order stating that the motion "is hereby granted. [The bank's] complaint is involuntarily dismissed without prejudice. New complaint must be served."

The bank filed a motion for rehearing. In the motion, the bank first noted that the homeowners did not seek the dismissal sanction which the court entered. The bank then argued the court erred in entering the dismissal sanction because: (1) the aggravating circumstances necessary to warrant the dismissal sanction were not present; (2) the court did not hold an evidentiary hearing to determine whether a lesser sanction would suffice; and (3) the court did not issue written findings of fact justifying the dismissal sanction.

The court denied the bank's motion for rehearing without comment. This appeal followed.[1]

---

[1] We initially relinquished jurisdiction to the circuit court to clarify whether it was dismissing the action (thus giving this court jurisdiction over this appeal) or was permitting an amended complaint to be served within the action (thus leaving this court without jurisdiction). *See, e.g., Potts v. Potts*, 615 So. 2d 695, 696 (Fla. 2d DCA 1992). The circuit court entered an amended sanctions order indicating that it was dismissing the action. Thus, we have jurisdiction over this appeal.

The bank primarily argues that the court erred by dismissing the action without the requisite written findings of fact to support such a sanction. The bank secondarily argues that the dismissal was disproportionate to the violation because the bank had violated a single discovery order and had substantially cured the violation before the court entered the dismissal.

Based on these arguments, we review the court's actions for an abuse of discretion. *See Ham v. Dunmire*, 891 So. 2d 492 (Fla. 2004) ("It is well settled that determining sanctions for discovery violations is committed to the discretion of the trial court, and will not be disturbed upon appeal absent an abuse of the sound exercise of that discretion.").

We agree with the bank that the court erred by dismissing the action without the requisite written findings of fact to support such a sanction. As our supreme court held in *Ham*:

> The dismissal of an action based on the violation of a discovery order will constitute an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard. Express findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation . . . .
>
> Moreover, to ensure that a litigant is not unduly punished for failures of counsel, the trial court must consider whether dismissal with prejudice is warranted. In . . . *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993)[,] . . . [w]e articulated a test identifying six factors pertinent in the determination of whether a dismissal with prejudice is a warranted response to an attorney's behavior. These factors require a trial court to consider:
>
>> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay

3

> prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.

> Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.

*Ham*, 891 So. 2d at 495-96 (citations and quotation marks omitted).

Here, the dismissal order makes no written findings as *Ham* requires, and provides no indication that the court considered the six factors as *Kozel* requires. Thus, the dismissal order violates both *Ham* and *Kozel*.

The homeowners argue, among other things, that such findings and consideration were unnecessary because the dismissal order was "without prejudice." We disagree that the "without prejudice" caveat made such findings and consideration unnecessary. *See Wells Fargo Bank, N.A. v. Stahler*, 115 So. 3d 1105, 1106 (Fla. 5th DCA 2013) ("The dismissal *without prejudice* was clearly intended as a sanction for perceived discovery abuses. As such, we agree with [the bank] that the trial court erred in failing to include in its order a written finding of willful or intentional defiance of court authority.") (citation omitted; emphasis added).

Accordingly, we "reverse and remand for the trial court to consider the factors articulated in *Kozel . . .* in determining whether dismissal is appropriate for the discovery violations at issue and to make written factual findings regarding willful or deliberate disregard if the court again concludes that dismissal is an appropriate sanction." *Tianvan v. AVCO Corp.*, 898 So. 2d 1208, 1209 (Fla. 4th DCA 2005).

Because we remand for this purpose, it is premature for us to consider the bank's secondary argument that the dismissal order was disproportionate to the violation. However, for the circuit court's consideration on remand, we note only our supreme court's admonition from *Ham*: "While sanctions are within a trial court's discretion, it is also well established that dismissing an action for failure to comply with orders compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances." 891 So. 2d at 495 (citation and quotation marks omitted).

*Reversed and remanded.*

STEVENSON and CONNER, JJ., concur.

*   *   *

**Not final until disposition of timely filed motion for rehearing.**