DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WELLS FARGO NATIONAL BANK, NATIONAL ASSOCIATION, AS TRUSTEE,**
Appellant,

v.

**GERALD A. ANISH,**
Appellee.

No. 4D14-385

[February 24, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard L. Oftedal, Judge; L.T. Case No. 2007CA020127XXXXNB.

W. Aaron Daniel and Elliot B. Kula of Kula & Associates, P.A., Miami, for appellant.

Kendrick Almaguer, Peter Ticktin, Josh Bleil and Felix G. Montañez of The Ticktin Law Group, P.A., Deerfield Beach, for appellee.

PER CURIAM.

Appellant ("the Bank") appeals the trial court's order dismissing its mortgage foreclosure complaint against appellee ("the Homeowner"). The dismissal was based on multiple violations of court orders. Since the trial court did not make the required findings pursuant to *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993), we reverse and remand.

The Bank filed a one-count mortgage foreclosure complaint against the Homeowner. The Homeowner filed his answer and affirmative defenses.

In preparation for trial, the Homeowner moved to strike the Bank's witness list and compel discovery. In ruling on the motion, the trial court entered an order on June 6, 2013, requiring:

> [The Bank] shall identify name of the witness to [the Homeowner] within 20 (twenty) days of this Order. Deposition

of [the Bank]'s witness shall occur within 40 (forty) days of this Order.  Trial is reset to Wed. Aug. 14, 2013.

On the reset trial date of August 14, 2013, no trial occurred.  Instead, the trial court entered another order, this time on the Homeowner's motion in limine and motion for involuntary dismissal.  The trial court's order stated:

> Parties appeared for trial today.  The Court is aware of the Order entered on June 6, 2013, that Order has not been been [sic] complied with.  The Court finds no willful non-compliance of that Order.  The Court very reluctantly will grant the [Bank] a continuance, over the vehement objection of counsel for [the Homeowner].  [The Bank]'s witness is [M.P.].  Witness shall continue to be [M.P.] at trial.  [M.P.] shall be made available for deposition in Palm Beach County, within 30 (thirty) days of this Order.  As reflected in this Order, the Court is very reluctant to grant continuance; however it is granted subject to the following provisions:  Parties shall (lawyers)
> 1) Make all efforts to amicably resolve this matter
> 2) [The Bank] shall pay within 30 (thirty) days, pay [sic] $5,000.00 (five thousand) to [the Homeowner's attorney] directly
> 3) Court in an effort to be fair to both parties & using its equitable powers makes this ruling
> Reset for Trial, October 17.  See Separate Order.

On August 20, 2013, the Homeowner filed a motion in limine/motion for involuntary dismissal, arguing that, pursuant to the trial court's June 6, 2013 Order, the Bank was required to name its witness within twenty days of the June 6th Order, and make that witness available for deposition within forty days of that order.  The Homeowner argued that the Bank failed in both instances.  The Bank filed its witness list naming M.P. as its intended witness at trial "on August 8, 2013, some 43 (forty-three) days later than required by the Court's [June 6th] Order," and, as a result, the Bank also failed to meet the deposition deadline.

On September 26, 2013, the Homeowner filed a motion to enforce the trial court's August 14, 2013 Order, requiring the Bank to pay the Homeowner's attorney $5,000.  The Homeowner argued that the August 14th Order required the Bank to pay the $5,000 sanction within thirty days of that order, which the Bank had failed to do and the deadline for which had passed.  Attached to the Homeowner's motion was an email, dated September 16, 2013, whereby the Homeowner's attorney informed

2

the Bank that the $5,000 had not been received, along with an attachment of the trial court's August 14th Order, imposing the $5,000 sanction. The Bank filed an "Opposition to [Homeowner]'s Motion to Enforce Order," wherein it addressed the deposition issue, but not the $5,000 sanction. The Bank argued that, according to the August 14th Order, its witness, M.P., was to be made available for deposition "within 30 (thirty) days of this [August 14th] Order," and that its witness was unavailable on the date the Homeowner scheduled the deposition. The Bank further argued that it sent the Homeowner alternative dates for deposition, which the Homeowner rejected, since those dates were outside of the trial court's thirty-day deadline.

On October 16, 2013, the Homeowner filed a renewed motion in limine and motion for involuntary dismissal, arguing that the Bank failed to comply with both June 6th and August 14th Orders and that the Bank "willfully, contumaciously, and contemptuously ignored and disregarded the Orders." And, therefore, the case should be dismissed.

The trial court heard arguments regarding the renewed motion in limine and motion for involuntary dismissal on the date of trial, October 17, 2013. The Bank argued that on September 10, 2013, the Homeowner set the deposition for September 13, 2013, and on September 11, 2013, the Bank informed the Homeowner that the witness was unavailable on that date. The Bank admitted, however, that the witness it intended to call that day at trial was not the witness it listed in accordance with the trial court's August 14 Order, which stated "[w]itness shall continue to be [M.P.] at trial." As for the $5,000 sanction the Bank failed to pay, the Bank's attorney argued that this was the first time he was made aware that the money had not been paid, as he did not "get a phone call . . . [or] an email"[1] and, although his firm represented the Bank since the beginning of litigation, he was personally not part of the case when the $5,000 sanction was levied.

The trial court orally ruled:

> I understand the ramifications, but the court orders have to be obeyed. Judge Colton's somewhat rather liberal in granting the second opportunity to cure the discovery, and you're back here the third time. Essentially, none of the orders have been complied with. The witness that Judge Colton ordered to be

---

[1] The Homeowner presented the Bank with the September 16th email notifying the Bank of its failure to pay the $5,000 sanction to which the Bank stated "[t]o me, this is a different 5,000 than what the Judge ordered."

deposed, she wasn't deposed. It wasn't the same witness. The $5,000 hasn't been paid that he ordered within the time there. I'm not unsympathetic, and I understand the ramifications, but if court orders mean anything they have to be enforced. I'm going to grant the defendant's motion for involuntary dismissal.

In its written order, the trial court wrote:

ORDERED AND ADJUDGED, that said Motion be, and the same is hereby GRANTED/~~DENIED~~ and the case is dismissed based upon the wilful [sic] and intentional violation of prior court orders.

The Bank filed a motion for rehearing, arguing that the trial court did not consider the *Kozel* factors before it dismissed the case based on the discovery violation. The trial court denied the motion, and this appeal followed.

"We review a trial court's imposition of sanctions under an abuse of discretion standard of review." *Baker v. Myers Tractor Servs., Inc.*, 765 So. 2d 149, 150 (Fla. 1st DCA 2000); *see also Bob Montgomery Real Estate v. Djokic*, 858 So. 2d 371, 374 (Fla. 4th DCA 2003) ("[A] dismissal imposed as a sanction is reviewed under an abuse of discretion standard.").

The Bank argues on appeal that the trial court erred in failing to make factual findings as to the six factors stated in *Kozel*. These six factors are:

1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.

*Kozel*, 629 So. 2d at 818.

It is well settled that a trial "court's 'failure to consider the *Kozel* factors in determining whether dismissal was appropriate is, by itself, a basis for remand for application of the correct standard.'" *Bennett ex rel. Bennett v.*

4

*Tenet St. Mary's, Inc.*, 67 So. 3d 422, 427 (Fla. 4th DCA 2011) (quoting *Ham v. Dunmire*, 891 So. 2d 492, 500 (Fla. 2004)); *see also Portofino Prof'l Ctr. v. Prime Homes at Portofino*, 133 So. 3d 1112, 1114 (Fla. 3d DCA 2014) ("It is well established that a court must first consider each of the *Kozel* factors before it may dismiss a cause as a sanction."); *Heritage Circle Condo. Ass'n v. State, Fla. Dep't of Bus. & Prof'l Regulation, Div. of Condos., Timeshares & Mobile Homes*, 121 So. 3d 1141, 1144 (Fla. 4th DCA 2013) ("Neither the trial court's order striking [appellant]'s pleadings and entering a default nor the final judgment contain any findings of willful and deliberate disregard of the court's order, nor do they make any factual findings regarding the *Kozel* factors."); *Deutsche Bank Nat'l Trust Co. v. Cagigas*, 85 So. 3d 1181, 1182 (Fla. 3d DCA 2012) ("Here, the trial court dismissed [plaintiff]'s complaint as a sanction. However, the order does not reflect that the trial court considered the *Kozel* factors or that the trial court made the required written findings of fact addressing each factor.").

Since the trial court's order lacks express findings of fact as to any of the factors, except, arguably, that the Bank's actions were willful, we must reverse the trial court's order. As we have recently instructed:

> [W]e "reverse and remand for the trial court to consider the factors articulated in *Kozel* . . . in determining whether dismissal is appropriate for the discovery violations at issue and to make written factual findings regarding willful or deliberate disregard if the court again concludes that dismissal is an appropriate sanction."

*Bank of N.Y. Mellon v. Kossis*, 165 So. 3d 793, 796 (Fla. 4th DCA 2015) (quoting *Tianvan v. AVCO Corp.*, 898 So. 2d 1208, 1209 (Fla. 4th DCA 2005)). We reverse with the same instructions for this case.

*Reversed and remanded with instructions.*

WARNER, LEVINE and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

5