629 So.2d 817 (1993)
Carolann D. KOZEL, Petitioner,
v.
D. Steven OSTENDORF, D.P.M., Respondent.
No. 80380.
Supreme Court of Florida.
October 28, 1993.
As Clarified January 13, 1994.
Kelley A. Finn of Kelley Finn Law Offices, P.A., Miami, for petitioner.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for respondent.
McDONALD, Justice.
We review Kozel v. Ostendorf, 603 So.2d 602 (Fla. 2d DCA 1992), which directly conflicts with Clay v. City of Margate, 546 So.2d 434 (Fla. 4th DCA), review denied, 553 So.2d 1164 (Fla. 1989). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. We quash Kozel.
Carolann Kozel filed a medical malpractice complaint against Steven Ostendorf on July 25, 1989 in the circuit court of Lee County. Ostendorf filed a motion to dismiss on the grounds that the complaint failed to state a cause of action and that Kozel failed to comply with section 766.205, Florida Statutes (1989). The court granted Ostendorf's motion to dismiss and granted Kozel twenty days to amend her complaint. By agreement of the parties, the time period to amend the complaint was extended another ten days. Kozel's attorney, Kelley A. Finn, did not file the complaint until July 23, 1990, over five months past the due date. On Ostendorf's motion the circuit court then dismissed the complaint with prejudice and the district court affirmed.
The district court properly recognized that the trial court has the discretionary power to dismiss a complaint if the plaintiff fails to timely file an amendment.[1] Although such broad power is vested in the trial court, it is not necessary or beneficial for that power to be exercised in all situations. We concur *818 with Judge Altenbernd's suggestion that the trial courts need a meaningful set of guidelines to assist them in their task of sanctioning parties and attorneys for acts of malfeasance and disobedience. Kozel, 603 So.2d at 605 (Altenbernd, J., dissenting). Without such a framework, trial courts have no standard by which to judge the severity of the party's action or the type of sanction that should be imposed.
In the instant case, the trial court acted within the boundaries of the law. In our view, though, the court's decision to dismiss the case based solely on the attorney's neglect unduly punishes the litigant and espouses a policy that this Court does not wish to promote. The purpose of the Florida Rules of Civil Procedure is to encourage the orderly movement of litigation. Fla.R.Civ. Pro. 1.010. This purpose usually can be accomplished by the imposition of a sanction that is less harsh than dismissal and that is directed toward the person responsible for the delayed filing of the complaint. Clay.
Dismissal "with prejudice" in effect disposes of the case, not for any dereliction on the part of the litigant, but on the part of his counsel. We are not unmindful of the rule that counsel is the litigant's agent and that his acts are the acts of the principal, but since the rule is primarily for the governance of counsel, dismissal "with prejudice" would in effect punish the litigant instead of his counsel.
Beasley v. Girten, 61 So.2d 179, 181 (Fla. 1952). Because dismissal is the ultimate sanction in the adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result.
This Court is vitally concerned with the swift administration of justice at both the trial and appellate levels. In the interest of an efficient judicial system and in the interest of clients, it is essential that attorneys adhere to filing deadlines and other procedural requirements.[2] However, a fine, public reprimand, or contempt order may often be the appropriate sanction to impose on an attorney in those situations where the attorney, and not the client, is responsible for the error. To assist the trial court in determining whether dismissal with prejudice is warranted, we have adopted the following set of factors set forth in large part by Judge Altenbernd: 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.
For the foregoing reasons, we quash the district court's decision, approve Clay, and remand the case with directions that the trial court be ordered to reconsider in light of the new factors established in this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] New River Yachting, Inc. v. Bacchiocchi, 407 So.2d 607 (Fla. 4th DCA 1981), review denied, 415 So.2d 1360 (Fla. 1982); Neida's Boutique, Inc. v. Gabor and Co., 348 So.2d 1196 (Fla. 3d DCA 1977), cert. denied, 366 So.2d 883 (Fla. 1978); Reynolds v. Deep South Sports, Inc., 211 So.2d 37 (Fla. 2d DCA 1968).
[2] According to rule 1.500(c), Florida Rules of Civil Procedure, "[a] party may plead or otherwise defend at any time before default is entered." If a party against whom affirmative relief is sought has filed any paper in a civil action, the court cannot enter a default for failure to file an answer unless the defendant has been served with notice that a default may be entered. Fla. R.Civ.Pro. 1.500(b). However, when the circumstances involve the dismissal of the plaintiff's complaint, there are no similar notice requirements. The rules of civil procedure do not require the defendant to file a motion for default or the court to notify the plaintiff that an application for default is pending. Granted, the plaintiff is aware of the filing deadlines and is responsible for the action that she initiates. Nevertheless, dismissal is an unusually harsh sanction when neither the court nor the defendant is required to notify the plaintiff that dismissal is pending.