DELL, Judge.
Carter Pohlman appeals from the trial court’s order dismissing with prejudice his second amended complaint for breach of contract and fraud arising out of the purchase of an airplane. Appellant’s attorney failed to file the amended complaint within thirty-two days as provided in the order dismissing his complaint without prejudice. Appellant filed his amended complaint sixty-six days late.
In Kozel v. Ostendorf, 629 So.2d 817 (Fla. 1993), the supreme court adopted a set of factors trial courts should consider in determining whether dismissal with prejudice is warranted where an attorney fails to adhere to a filing deadline.
To assist the trial court in determining whether dismissal with prejudice is warranted, we have adopted the following set of factors set forth in large part by Judge Altenbernd: 1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncomplianee; and, 6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.
Id. at 818.
Appellant filed a motion for rehearing, supported by an affidavit that addressed the Kozel factors. Id. The trial court denied the motion, stating that “even allegations raised in the Motion for Reconsideration for the first time do not establish the appropriateness of setting aside the dismissal of the action against this Defendant.” We disagree. The reasons set forth in the motion for rehearing show that appellant’s untimely filing did not result from any of the factors discussed in Kozel. Respondent’s counsel explained that his failure to timely file resulted from lifestyle adjustments necessitated by the unexpected death of his wife, requiring him to suddenly care for their small child alone.
Accordingly, we hold that the trial court abused its discretion when it dismissed the amended complaint and denied appellant’s motion for rehearing. We reverse and remand for further proceedings.
REVERSED and REMANDED.
GLICKSTEIN and SHAHOOD, JJ., concur.