SHAHOOD, J.
Richard Michalak (Richard) and Mindy Michalak appeal an order of dismissal with *1278 prejudice of their personal injury complaint against appellees, Ryder Truck Rental, Inc. (Ryder) and Kenneth Eugene Phillips (Phillips).
Because the trial court entered the order of dismissal without considering the factors set forth by the Florida Supreme Court in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993), we reverse and remand for a hearing on the Kozel factors.
This action was filed on March 1, 2001. Appellee Phillips propounded interrogatories and a request for production to appellants. On April 19, 2001, Phillips filed a Motion to Compel Discovery, requesting the court to order appellants to answer interrogatories and respond to a request for production. Appellants objected to the motion arguing that their responses were not untimely and that Phillips and Ryder had failed to attach the interrogatories to the notice of service. Appellants stated that other responsive documents were being compiled. Although Phillips’ attorneys certified that the interrogatories were mailed on March 13, 2001, there was some dispute over whether they were actually sent on that date. As a result, agreed orders granting the motion to compel were entered and appellants were granted an additional two months to respond.
Appellants filed answers to the interrogatories on April 30, 2001. In May 2001, and again in October, however, additional motions to compel were filed, asserting that, while appellants had filed responses to the interrogatories, the answers were vague and/or incomplete. An agreed order granting the motion to compel answers to consortium interrogatories was entered directing Mindy Michalak to respond by May 23, 2001.
Next, Phillips requested the address of the driver of the vehicle in which Richard was riding, a videotape of the accident scene made by appellants in anticipation of trial, and a transcript of the traffic trial of the driver of one of the vehicles involved in the collision, who was not a party to the action. Motions to compel this information were subsequently filed. Appellants responded to the first request. The second was denied on the basis that the videotape was work product. Production of the third was never pursued.
In July 2002, Phillips and Ryder propounded interrogatories requesting information about Richard’s treatment since the last set of interrogatories. In October of that same year, Phillips filed an ex parte motion to compel a response to the request for updated interrogatories. The court entered an order granting the motion. Appellants, who claim now that they were awaiting a ruling on whether a stay of the proceedings due to Ryder’s suggestion of bankruptcy also applied to Phillips, did not immediately comply. After the federal court ruled on the issue (that the stay did not apply to Phillips), Phillips filed another motion to compel on November 13, 2002. On November 21, 2002, appellants filed a notice of compliance with the order along with a list of neurological exams to be administered to Richard. On December 2, 2002, the court entered an order granting the motion and directing appellants to comply within one week, which they did.
On December 30, 2002, Phillips filed a motion to strike appellants’ pleadings. The basis for the motion was Richard’s failure to appear for a court-ordered, second orthopedic independent medical examination. Phillips also filed a motion to -compel, renewing his request for the videotape of the accident scene. A second motion to strike pleadings alleged appellants’ failure to respond to the July 29, 2002 request for updated interrogatories.
On March 31, 2003, the court entered an order compelling appellants to file answers *1279 to “Trial and Update Interrogatories propounded August 5, 2002 that call for specificity, including methodology of calculating ‘per diem’ arguments and what plaintiff can and cannot do; as well as Answers to interrogatories for which the prior response was ‘see medical records.’ ” In addition, the court also granted a motion to strike appellants’ expert accident recon-structionist due to discovery violations.
Additional argument ensued over expert witnesses and pre-trial stipulations. Finally, on August 14, 2003, Phillips filed an Ex Parte Motion to Compel appellants to respond to various outstanding discovery requests. Alleged outstanding discovery included Supplemental Interrogatories dated August 5, 2002, Supplemental Request to Produce dated August 5, ■ 2002, Second Supplemental Request to Produce dated January 10, 2003, and Expert Request for Production dated June 20, 2003. On August 18, 2003, the court entered an order directing appellants to “respond to all outstanding discovery.”
Thereafter, in consideration of Phillips’ motion to show cause and/or dismiss with prejudice, the court entered an order directing Phillips to provide a list of all discovery ordered by the court during the proceedings and directing appellants to respond to the list within five days. Phillips responded with specific discovery requests that appellants had not responded to at all or responded to incompletely. Prior court orders and trial transcripts were attached. On March 10, 2004, the court entered an order compelling responses to “Update Interrogatories, Update Consortium Interrogatories, and Update Request for Production.” The court allowed ten days for appellants to respond.
By April 6, 2004, appellants had not responded to the discovery order. Phillips, therefore, filed a motion to strike appellants’ pleadings and a motion to show cause. The court granted the motion, finding that appellants’ failure to comply with court-ordered discovery was done “in a deliberate, willful, and contumacious manner” and that Phillips was prejudiced in his preparation for trial.
Appellants contend that it was error for the trial court to strike the pleadings and dismiss their action because they provided extensive discovery and complied with all of Phillips’ discovery demands. Phillips responds that appellants did not fully comply with the discovery order to update the interrogatories because the answers to the interrogatories were either incomplete or vague. In addition to the interrogatories, appellants also failed to comply with various other discovery orders.
As examples of the incomplete answers given by appellants, in an answer to the request to list names, addresses, dates of employment and rates of pay regarding all employers in the past ten years, Richard responded with a list of nineteen different places of employment and their cities and states, but not street addresses. Richard included a note stating, “Following are jobs that I have'had for the past ten years. I do not remember the exact dates and I don’t know the amount I was paid.” He added, “I earned approximately $600.00 per week at the restaurants, this would include an hourly wage of $2.50 per hour plus tips. All other jobs, I earned between $7.00 and $12.50 per hour.” In response to whether he lost any past or future income, benefits or earning capacity as a result of the incident, Richard stated, “Yes, I missed eight days of work following the accident. Also, I am paid by the job and since the accident, the number of jobs I am able to perform has decreased. I have not calculated the amount of lost earnings.” When asked to list each item of expense or damage claimed, including *1280 the date incurred and the name and address of the business or entity to which it was owed, Richard responded, “See my medical bills which are being provided in my Response to Request to Produce. Also, I had to have prescriptions filled but I do not have a list of them.”
A trial judge has a broad range of sanctions at his disposal to enforce the parties’ compliance with court orders. See Fla. R. Civ. P. 1.380(b), 1.420(b). Among the alternatives is the authority to strike a party’s pleadings or order dismissal of the action. Id. It is uniformly held that dismissal is a drastic remedy which courts should employ only in extreme situations and only when the violation requires such a sanction. See generally Asper v. Maxy Aviation Servs., L.C., 915 So.2d 271 (Fla. 4th DCA 2005). There must be a finding of willful non-compliance. Id.; see also Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271, 1272 (Fla.1990). The trial court has broad discretion in this area; a determination of sanctions for discovery violations will not be disturbed absent an abuse of discretion. See Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983).
In Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993), the plaintiff suffered dismissal of her action as a result of the amended complaint being filed five months after the agreed deadline. The supreme court held that dismissal in that situation was too harsh a penalty in light of the fact that the client would be punished for the attorney’s transgression. Id. at 818. The court stated the following:
Because dismissal is the ultimate sanction in the adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result.
This Court is vitally concerned with the swift administration of justice at both the trial and appellate levels. In the interest of an efficient judicial system and in the interest of clients, it is essential that attorneys adhere to filing deadlines and other procedural requirements. However, a fine, public reprimand, or contempt order may often be the appropriate sanction to impose on an attorney in those situations where the attorney, and not the client, is responsible for the error. To assist the trial court in determining whether dismissal with prejudice is warranted, we have adopted the following set of factors set forth in large part by Judge Altenbernd: 1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; If) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.
Id. (emphasis added) (footnote omitted).
In the Order on Defendant’s Motion to Strike and Show Cause in this case, the court found that the discovery violations were willful and that they prejudiced the defense in preparing for and defending the action. Appellants contend, however, that the trial court erred in not considering all of the factors enunciated in Kozel.
Based on the facts in this case and the record before us, we reverse and remand for a hearing at which the trial court shall consider the Kozel factors. Because we are reversing on this issue, we decline to *1281 address any other issues raised by appellants.

Reversed and Remanded.

POLEN, and TAYLOR, JJ., concur.