EVANDER, J.
 

 Jane Sanders (hereinafter referred to as “Plaintiff’) appeals from an order dismissing her complaint with prejudice for failure to comply with orders compelling discovery. We reverse because the trial court did not make the requisite findings of fact, pursuant to
 
 Kozel v. Ostendorf,
 
 629 So.2d 817 (Fla.1993), prior to entering its order of dismissal.
 

 
 *701
 
 In March 2007, Plaintiff, through her counsel, filed a two-count complaint against Lynda R. Gussin, Trustee of the Family Jewels Trust, dated June 24, 2004 (hereinafter referred to as “Defendant”). At the time the complaint was filed, Plaintiff was an 84-year-old woman who had, as acknowledged by Defendant, been diagnosed with mild senile dementia and Alzheimer’s Disease.
 

 In Count I, Plaintiff sought to establish a resulting trust in residential property located in The • Villages, Sumter County, Florida, and titled solely in Defendant’s name. Plaintiff alleged that prior to 2005, the parties were neighbors residing in Fort Myers, Florida. Defendant wanted to relocate to The Villages but was having difficulty finding an affordable home. Defendant approached Plaintiff with the suggestion that they both relocate to The Villages and jointly purchase property there. Plaintiff agreed to Defendant’s proposal and provided Defendant with $200,000 towards the purchase of a residence. In December 2005, Defendant purchased a home in The Villages for $326,000 and the parties moved in together. Approximately nine months later, Plaintiff vacated the residence due to “increased hostility” from Defendant. Plaintiff subsequently discovered that Defendant had wrongfully arranged for title to the property to be placed solely in Defendant’s name. In Count II, Plaintiff sought partition of the property. She also filed a notice of
 
 lis pendens
 
 with the complaint.
 

 Defendant filed an answer, affirmative defenses, and a counterclaim, alleging a much different scenario. According to Defendant, the parties entered into a written contract on September 2, 2005, whereby Plaintiff agreed to give $200,000 to Defendant toward the purchase of a residence to be titled solely in Defendant’s name. In return, Defendant agreed to permit Plaintiff to reside in the residence and to amend her existing estate-planning documents to provide a life estate for Plaintiff in the event Defendant pre-deceased Plaintiff. Eighteen days later, the parties executed an amendment to the contract whereby they agreed to equally share the expenses for taxes, insurance and utilities. It was Defendant’s contention that Plaintiff had consulted with her attorney and her financial adviser prior to entering these agreements. Defendant further contended that Plaintiffs motivation for entering this arrangement had been to prevent her estranged daughter from ultimately receiving her assets.
 

 Defendant claimed that pursuant to these agreements, she purchased a home that was larger than she needed so as to accommodate Plaintiff. Additionally, and due to Plaintiffs advanced age, Defendant purchased a home that would provide special amenities specifically requested by Plaintiff such as a small wading or therapy pool. Plaintiff voluntarily left the home on June 1, 2006, because of a desire to live “independently.” In her two-count counterclaim, Defendant sought damages for slander of title and breach of contract.
 

 In answering the counterclaim, Plaintiff admitted to executing the two above-referenced contracts, but alleged,
 
 inter alia,
 
 that the contracts had been fraudulently procured by Defendant.
 

 On May 23, 2008, Plaintiff was served with Defendant’s first request to produce and Defendant’s first set of interrogatories. When Plaintiff failed to timely respond to the discovery requests, Defendant filed a motion to compel. On August 8, 2008, the trial court granted the motion to compel and ordered Plaintiff to respond to the discovery requests within twenty days. When Plaintiff failed to respond within twenty days, Defendant filed a motion for sanctions. On September 10, 2008, Plaintiffs counsel filed a response to
 
 *702
 
 Defendant’s motion advising the court that he had difficulty communicating with Plaintiff because of her advanced age, her deteriorating mental condition and her relocation to Bonita Springs. In addition, Plaintiffs counsel noted that the parties had been engaged in settlement discussions during the prior month. On the same date as the response to Defendant’s motion for sanctions, Plaintiff served her response to Defendant’s first request to produce and first set of interrogatories. On October 2, 2008, the trial court denied Defendant’s motion for sanctions, finding that Plaintiffs failure to timely comply with the discovery requests and the trial court’s order had
 
 not
 
 been willful.
 

 On November 6, 2008, Defendant served Plaintiff with a second request to produce and a second set of interrogatories. The interrogatories requested Plaintiff to identify and to provide certain information as to all bank accounts which Plaintiff had between June 1, 2005 and January 1, 2007. The request to produce required Plaintiff to produce all monthly statements for any bank accounts, trust accounts, savings accounts, bonds, investment and/or security accounts from January 1, 2006 through March 1, 2007, on which Plaintiff was a holder or beneficiary.
 

 Approximately two weeks later, Plaintiff produced certain bank statements to Defendant and filed a response to Defendant’s second request to produce providing:
 

 Statements from January 2007 to April 1, 2007 are produced. Additional documents have been requested
 
 from
 
 Am-South Bank and will be produced upon receipt.
 

 However, Plaintiff failed to otherwise respond to Defendant’s second request to produce and second set of interrogatories and Defendant filed a motion to compel on January 27, 2009. On February 6, 2009, Plaintiffs counsel responded to the motion to compel by advising the trial court, in writing, that Plaintiff was not willfully withholding discovery and he expected that the requested information “should be available within the next ten (10) days.... ”
 

 On February 9, 2009, the trial court granted Defendant’s motion to compel and ordered Plaintiff to comply with Defendant’s discovery requests within ten days or it would consider assessing costs and attorney’s fees. When Plaintiff failed to comply with this order, Defendant filed a motion for sanctions. After holding a hearing on March 9, 2009, the trial court granted the motion for sanctions, awarded attorney’s fees and costs, and gave Plaintiff seven more days to respond to the outstanding discovery requests or have her case dismissed. (The order was dated March 16th, but was effective as of March 9th.)
 

 On March 13, 2009, Plaintiff filed a motion for reconsideration or alternatively motion for extension of time to comply with the court’s order. In this motion, Plaintiffs counsel advised the trial court that Plaintiff had undergone knee-replacement surgery on February 12, 2009, during which Plaintiff experienced serious cardiovascular complications. As a result of the complications, Plaintiff was required to undergo an immediate surgical procedure to install a heart monitor/pacemaker device. Following the two surgeries, Plaintiff had been transferred to a rehabilitative center from which she was expected to be released shortly. Numerous confirmatory medical records were attached to the motion.
 

 In a memorandum opposing Plaintiffs motion, Defendant observed that Plaintiffs response to the second request to produce and second set of interrogatories had been due on December 8, 2008, approximately two months prior to Plaintiffs knee re
 
 *703
 
 placement surgery. Defendant further noted that the first propounded request to produce and interrogatories had necessitated a motion to compel.
 

 On March 31, 2009, the trial court entered an order of dismissal finding “that Plaintiffs failure to respond to discovery throughout this lawsuit had been done with willful disregard or gross indifference to multiple orders of this court.”
 

 LI — 53 A trial court has the authority to dismiss a complaint for failure to comply with discovery requests. However, because dismissal is the ultimate sanction in our adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result.
 
 Kozel,
 
 629 So.2d at 818. Further, where the attorney is responsible for procedural error, the court should employ a sanction less severe than dismissal with prejudice.
 
 Id.
 
 In determining the appropriate sanctions,
 
 Kozel
 
 directs a trial court to consider the following factors:
 

 1. Whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;
 

 2. Whether the attorney has previously been sanctioned;
 

 3. Whether the client is personally involved in the act of disobedience;
 

 4. Whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;
 

 5. Whether the attorney offered reasonable justification for noncompliance; and
 

 6. Whether the delay created significant problems of judicial administration.
 

 Id.
 

 Here, the trial court’s order failed to address each of these six factors. Defendant argues that
 
 Kozel
 
 is inapplicable to the instant case because
 
 Kozel
 
 only applies to those situations where the non-compliance with a court order was the fault of the attorney rather than the litigant.
 
 See, e.g., Pixton v. Williams Scotsman, Inc.,
 
 924 So.2d 37, 40 (Fla. 5th DCA 2006) (“If this was a case in which only [the litigants], and not their counsel, had engaged in wrongdoing or noncompliance with the rules,
 
 Kozel
 
 would not apply.”)
 

 However, we cannot accept Defendant’s assumption that Plaintiff herself was solely responsible for the failure to respond to Defendant’s discovery requests. First, the trial court did not make such a finding in its order of dismissal. Second, the record is inconclusive on this issue. For example, Plaintiffs initial (timely) response to the second request to produce suggests, but doesn’t expressly state, that Plaintiff produced all of the bank records within her possession. It is unclear from the record why counsel provided an ambiguous response to this request to produce and whether counsel made any effort to obtain the remaining AmSouth Bank records other than having sent his mentally impaired client a copy of the discovery request. Furthermore, the initial response to the second request to produce seems to imply that AmSouth Bank may have been Plaintiffs only bank during the relevant time period. If so, little work would have been required to prepare an adequate response to the second set of interrogatories. It cannot be ascertained from the record what efforts counsel made to have the second set of interrogatories answered.
 

 Plaintiff also argues that the trial court’s order of dismissal was an abuse of discretion, particularly given that the last two orders to compel required compliance by February 19, 2009 and March 16, 2009, respectively, and Plaintiff was hospitalized or in a rehabilitative center from February 12th through mid-March, 2009. We de-
 
 *704
 
 dine to address this argument without having the benefit of the trial court’s determination of the
 
 Kozel
 
 factors. However, on remand, the trial court should determine whether there is an inconsistency between its findings on “willfulness” set forth in its March 31, 2009 order of dismissal and its October 2, 2008 order denying Defendant’s motion for sanctions. Specifically, in its order of dismissal, the trial court found that “throughout the lawsuit” Plaintiff had willfully disregarded “multiple orders” of the court. Yet, in its October 2, 2008 order, the trial court found that Plaintiffs failure to comply with its discovery orders regarding the first request to produce and first set of interrogatories had not been willful.
 

 REVERSED and REMANDED.
 

 MONACO, C.J. and GRIFFIN, J., concur.