PER CURIAM.
After January Martin and her attorney failed to attend a status conference, the trial court entered an order striking Martin’s pleadings. The court found, inter alia, that Martin and her attorney refused to appear, that this was part of a pattern of behavior, and that Maroone Chevrolet and AutoNation Financial Services Corp., the defendants below, were prejudiced. Because the written order does not make it apparent that the court considered all the factors set out in Kozel v. Ostendorf, *1155 629 So.2d 817 (Fla.1993), we reverse. See Bennett v. Tenet St. Mary’s, Inc., 67 So.3d 422 (Fla. 4th DCA 2011); Cook v. Custom Marine Distrib., Inc. 29 So.3d 462 (Fla. 4th DCA 2010). The remaining claim raised by Martin has no merit and we do not address it.
Before a court may strike a party’s pleadings as a sanction, the court must consider the following factors:
1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncomplianee; and 6) whether the delay created significant problems of judicial administration.
Kozel, 629 So.2d at 818.
The court must also consider whether a lesser sanction would be a “viable alternative.” Id. Whether the litigant was involved in the misconduct is a factor to be weighed in the Kozel analysis, but does not weigh more heavily than the other factors. See Ham v. Dunmire, 891 So.2d 492, 497 (Fla.2004). “The Kozel criteria with an emphasis on whether prejudice has occurred control.” Id. at 502.
Upon remand, the court must make the required findings, and explain the nature of the prejudice to the defendants. The court may again strike the pleadings or impose a lesser sanction after considering the Kozel factors and upon appropriate findings. Otherwise, the court must vacate the final judgment and the order striking the pleadings.

Reversed and remanded for proceedings in accordance with this opinion.

POLEN, HAZOURI and LEVINE, JJ„ concur.