SALTER, J.
(concurring).
I agree that the dismissal of the foreclosure case below must be reversed and that the case must be reinstated. I write separately to highlight additional instances of delay and lack of diligence by the lender and its trial-level counsel[1] apparent from this record.
This is a residential mortgage closed in April 2002. The loan was in default for non-payment by November 2002. In March 2003, and despite the fact that monthly loan payments were four months in arrears, the loan was assigned to an institutional trustee (a predecessor of the appellant) with a pool of mortgages for securitization.
The appellant commenced its foreclosure action over three years later, although the borrower made no payments in the interim. The motion for summary final judgment of foreclosure at issue in this appeal was not filed until October 2010. In addition to the appellant’s failure to comply with the circuit court administrative order applicable to such motions, the appellant filed a faeially-incorrect “affidavit of indebtedness” executed by a vice president of loan operations in South Carolina on September 14, 2010. In addition to $77,678.38 of principal, accrued interest of $54,566.21, and “pre-acceleration late charges” of $2,386.23, the affidavit included $34,237.07 for “escrow advanced by plaintiff.”[2] The actual total of the itemized line items in the “escrow advanced” category, however, is only $19,121.19. The difference, over $15,000 in favor of the lender, appears to be a material misstatement of the amount due rather than a typographical error.
In addition, the October 2010 motion for summary judgment makes no mention of the appellant’s recorded equitable lien obtained in December 2009 in the case. A predecessor circuit judge imposed the first-priority equitable lien for $117,252.58 against a defendant in possession, the property, all other defendants, and “any *1216 person or parties claiming by, through, or under them since the institution of this suit.” The December 2009 recorded order also directed the sale of the property to satisfy the lien. The record, the September 2010 affidavit of indebtedness, and the October 2010 motion for summary judgment do not explain (a) why the property was not sold to satisfy the equitable lien or (b) why the December 2009 and September 2010 computations of all amounts outstanding are so different (the difference is far greater than the interest accrued over the intervening months).
The record in this case also discloses that the trial court issued an order to show cause why the case should not be dismissed for lack of prosecution in 2008. When the trial court determined that there was good cause to allow the case to remain pending, the judge made a handwritten annotation on the order, “case shall be aggressively moved.” A review of the docket confirms that the case was not aggressively moved.
Florida Rule of Judicial Administration 2.250(a)(1)(B) establishes a “presumptively reasonable” time period for completion of a non-jury civil case as 12 months from filing to final disposition. The circuit judges in this district work hard to comply with that objective (and regularly do better), but active, focused efforts by institutional lenders and their attorneys are also required. In Kozel, the Supreme Court of Florida stated that it “is vitally concerned with the swift administration of justice at both the trial and appellate levels,” that delays which create “significant problems of judicial administration” are one of the factors pertinent to the imposition of sanctions, and that “a sanction less severe than dismissal with prejudice” may be employed when that is a viable alternative. Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993). Although we have concluded that in this instance dismissal of the case was too harsh a sanction, a trial court’s hands are not tied when a lender fails to diligently prosecute a case or files incorrect affidavits.

. The lender/appellant's attorneys in this appeal are not implicated in the delay and lack of diligence described in this concurrence.

. The enumerated line items are for taxes, hazard insurance, property inspections, mortgage insurance, "broker’s price opinion,” and property preservation.