IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STO CORP., a foreign corporation,

     Petitioner,

v.

GREENHUT CONSTRUCTION
COMPANY, INC., a Florida
corporation, and GULF COAST
SPECIALTIES, INC., a Florida
corporation; FIDELITY AND
DEPOSIT COMPANY OF
MARYLAND, a foreign corp., and
USA WOOD DOORS, INC., a
Florida corporation,

     Respondents.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0637

Opinion filed September 16, 2014.

Petition for Writ of Certiorari – Original Jurisdiction

Richard A. Sherman, Sr. and James W. Sherman of Richard A. Sherman, P.A., Ft. Lauderdale; Gary F. Baumann and Thomas B. Rogers, of Fulmer, LeRoy, Albee, Baumann, PC, Ft. Lauderdale, for Petitioner.

Bruce B. Partington and Kenneth B. Bell, of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for Respondent Greenhut Construction Company, Inc.; and Robert C. Palmer, III, of Wade, Palmer & Shoemaker, P.A., Pensacola, for Respondent Gulf Coast Specialties, Inc.

WOLF, J.

Petitioner seeks certiorari review of a discovery-violation sanction order issued pursuant to Florida Rule of Civil Procedure 1.380 deeming certain paragraphs of the complaint admitted after petitioner failed to fully comply with an order compelling production. As explained in Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1099 (Fla. 1987), superceded by statute on other grounds, § 768.72, Fla. Stat. (1989),

> [a] non-final order for which no appeal is provided by Rule 9.130 is reviewable by petition for certiorari only in limited circumstances. The order must depart from the essential requirements of law and thus cause material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal.

The Florida Supreme Court emphasized that this jurisdiction is very limited, noting that one of the few non-final discovery-related orders that an appellate court has jurisdiction to review on certiorari are orders compelling discovery, but only when such compulsion is in violation of certain rights and results in "cat-out-of-the-bag" scenarios. See, id. at 1100. In such situations, there is no "adequate redress by plenary appeal from a final judgment." Id. at 1100. Even if the court's action effectively enters default as to liability and "strikes" a petitioner's affirmative defenses, such non-final orders can normally be adequately reviewed on appeal and thus are not subject to certiorari review. See e.g., Cohen v. DeYoung, 655 So. 2d 1265 (Fla. 5th DCA 1995); Manatee County v. Estech Gen. Chems. Corp., 402 So. 2d 75 (Fla. 2d DCA 1981).

This court noted in <u>West Florida Regional Medical Center, Inc. v. See</u>, 18 So. 3d 676, 682 (Fla. 1st DCA 2009), that the irreparable harm element should be addressed first because it is an issue of jurisdiction. Here, while petitioner asserts that the trial court departed from the essential requirements of law by failing to fully comply with the requirements of <u>Kozel v. Ostendorf</u>, 629 So. 2d 817, 818 (Fla. 1993), the petitioner fails to demonstrate that any harm caused by the trial court's sanction cannot be adequately redressed on appeal, i.e., that any material injury is irreparable.

Petitioner belatedly cites in its reply brief to <u>Coconut Grove Playhouse, Inc. v. Knight-Ridder, Inc.</u>, 935 So. 2d 597 (Fla. 3d DCA 2006), claiming that the Third District Court of Appeal accepted certiorari jurisdiction when the trial court issued a sanction order on a failure to produce documents which essentially entered a default against Coconut Grove, because the trial court departed from the essential requirements of law by failing to comply with <u>Kozel</u>. Petitioner claims here that the trial court's failure to comply with <u>Kozel</u> also makes this case amenable to certiorari review.

Petitioner's reliance on <u>Coconut Grove</u> is misplaced. That case involved a suit to compel public records from an entity which denied it was subject to Chapter 119, Florida Statutes. <u>Id.</u> at 598. The court had ordered Coconut Grove to produce the documents or show cause why it was not a public agency. <u>Id.</u> When Coconut Grove appeared at a hearing without the documents but arguing it was not a public agency, the court found it had failed to comply with the subpoena. <u>Id.</u> As a sanction, the court

3

ordered the production of the documents requested in the complaint, "essentially entering a default." Id. Because the order failed to comply with Kozel, the Third District granted the petition and remanded for the trial court to comply. Id. at 599. This was essentially a "cat-out-of-the-bag" scenario which would require Coconut Grove to respond to a public records request which it asserted did not apply. While the failure to comply with Kozel was a departure from the essential requirements of law, it was the requirement that Coconut Grove produce documents it may not otherwise have been required to produce which could not be remedied on appeal, thus giving the Third District jurisdiction to consider the petition.

Having failed to demonstrate how the injury could not be remedied on appeal or to even make anything more than a conclusory statement to that effect, petitioner has failed to properly invoke this court's jurisdiction; therefore, the petition must be DISMISSED.

ROBERTS and ROWE, JJ., CONCUR.