IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARY WILKERSON,

       Appellant,

 v.                                         Case No.  5D17-1080

MV TRANSPORTATION, INC.,

       Appellee.

_____/

Opinion filed April 13, 2018

Appeal from the Circuit Court
for Orange County,
Janet C. Thorpe, Judge.

Desiree Ellison Bannasch, of Desiree E.
Bannasch, PA, Orlando, for Appellant.

Michael R D'Lugo, of Wicker Smith O'Hara
McCoy & Ford, PA, Orlando, for Appellee.


PALMER, J.

     Mary Wilkerson appeals the final order entered by the trial court dismissing her

negligence complaint filed against MV Transportation, Inc. (MVT).  Because the trial court

failed to properly consider the Kozel[1] factors before entering the dismissal order, we

reverse.

_____

     [1] Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993).

Wilkerson filed a negligence complaint against MVT, and MVT filed a motion to dismiss the complaint. Upon the request of the parties, the trial court entered an agreed order on the pending motion to dismiss, ruling that the dismissal motion was granted without prejudice and granting Wilkerson ten days from the date of the entry of the order to amend the complaint.

Twenty-one days later, Wilkerson filed a second-amended complaint. MVT filed a motion to dismiss the complaint, arguing that dismissal was warranted because the court-mandated deadline had passed by the time the complaint was filed. The trial court conducted a hearing on the motion. During the hearing, counsel for Wilkerson indicated that she did not receive the agreed order in the mail until eleven days after the order was entered. Notwithstanding this representation, the trial court struck Wilkerson's second-amended complaint, granted MVT's motion to dismiss, and entered a final order of dismissal.

Wilkerson argues that the trial court abused its discretion by dismissing her complaint without first considering the Kozel factors. We agree.

In Bank of New York Mellon v. Sandhill, we explained:

> The Florida Supreme Court laid out six factors for a trial court to consider in determining whether dismissal is the appropriate sanction "in those situations where the attorney, and not the client, is responsible for the error." [Kozel, 629 So. 2d at 818]. The Kozel factors are:
>
>> 1) [W]hether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other

2

> fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.
>
> Id. Before ordering dismissal, the trial court must consider all of the Kozel factors . . . .

202 So. 3d 944, 945 (Fla. 5th DCA 2016).

MVT concedes that a reversal for consideration of the Kozel factors would be warranted if the issue had been properly preserved below, but argues that the issue was not properly preserved. We disagree. During the hearing, counsel for Wilkerson preserved the argument that the Kozel factors needed to be considered before dismissal was granted.

Accordingly, we reverse the dismissal order and remand for the trial court to apply the Kozel factors in deciding whether Wilkerson's second-amended complaint should be dismissed.

REVERSED and REMANDED.

ORFINGER and EVANDER, JJ., concur.