DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH VENTO,**
Appellant,

v.

**BALBOA INSURANCE COMPANY,**
Appellee.

No. 4D17-3342

[ December 12, 2018 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 14-018329CACE 12 and 14-022454CACE.

David B. Pakula of David B. Pakula, P.A., Pembroke Pines, and David A. Neblett and James M. Mahaffey of Perry & Neblett, P.A., Miami, for appellant.

Robert T. Vorhoff and Joseph Gelli of Garrison, Yount, Forte & Mulcahy, LLC, Tampa, for appellee.

TAYLOR, J.

Joseph Vento appeals a final judgment dismissing with prejudice his amended complaint in one of two consolidated insurance cases because he failed to comply with a previous court order requiring him to file a second amended complaint as to that case. Because we find that the record does not support the extreme sanction of dismissal, we reverse.

This case arises out of two property damage claims that appellant asserted under a lender-placed homeowner's insurance policy issued by Balboa Insurance Company.

In September 2014, appellant filed a breach of contract action against Balboa in Broward Circuit Court under Case Number 14-18329, alleging that Balboa failed to pay a covered loss to his home occurring on September 12, 2011.

A few months earlier, appellant had filed a similar breach of contract

action against Balboa in Miami-Dade Circuit Court, alleging that Balboa failed to pay a covered loss to his home occurring on May 1, 2011. That case was transferred to Broward Circuit Court and was assigned Case Number 14-22454.

The two cases were eventually consolidated. The consolidation order required that all papers submitted in Case Number 14-18329 "shall display a caption containing both case numbers and the parties in both cases."

Appellant filed a seven-count amended complaint in each case, adding appellant's mortgage lender, Bank of America, as a defendant. Counts I–IV were against Balboa, while Counts V–VII were against Bank of America. Balboa moved to dismiss multiple counts of the amended complaints.

In October 2016, the trial court entered an order granting Balboa's motion to dismiss Counts I and IV, abating Counts II and III, and giving appellant 20 days to amend.

In December 2016, Balboa filed a motion for entry of a final judgment dismissing appellant's amended complaints with prejudice. Balboa argued that the trial court should dismiss Counts I–IV with prejudice because appellant had failed to amend his operative complaint in either action within 20 days as required by the court's October 2016 order.

In February 2017, appellant filed a second amended complaint, asserting a count for breach of contract and a count for declaratory relief against Balboa and two counts against Bank of America. However, the second amended complaint contained the following errors: (1) it listed only Case Number 14-18329 in the caption; (2) it referenced only the September 12, 2011 date of loss related to Case Number 14-18329; and (3) it referenced only the claim number related to Case Number 14-22454. In other words, the second amended complaint failed to mention Case Number 14-22454 or the May 1, 2011 date of loss associated with that case number.

Balboa moved to dismiss the two counts against it in the second amended complaint, arguing that appellant failed to state a cause of action. In the alternative, Balboa requested the trial court to direct appellant "to provide a more definite statement to accurately reflect the appropriate claim number with the correct alleged date of loss so that [Balboa] can properly respond."

The trial court held a hearing on Balboa's motion for entry of final

judgment and motion to dismiss the second amended complaint. At the hearing, Balboa argued that Case Number 14-22454 should be dismissed with prejudice because appellant did not comply with the court order requiring him to file a second amended complaint as to that case. However, Balboa presented no evidence in support of its argument that dismissal was warranted as a sanction for appellant's noncompliance with the court order.

Appellant's counsel then argued: "We did file a second amended complaint. I believe we didn't include the second case number, these cases had been consolidated, so when we filed the second amended complaint we believed that it was filed for both actions, as the actions had been consolidated together." Appellant's counsel added that "dismissal with prejudice for failure to amend is a very extreme standard."

Following the hearing, the trial court entered an order denying Balboa's motion for entry of final judgment and an order denying Balboa's motion to dismiss the second amended complaint. The orders gave Balboa 20 days to file an answer.

Balboa moved for reconsideration of the order denying its motion for entry of final judgment, arguing that the second amended complaint "references only a single claim number with a single date of loss" and "contains only a single count for breach of contract and a single count for declaratory relief against Balboa." Balboa asserted that it could not comply with the court's order because there was no second amended complaint in Case Number 14-22454 for it to answer. Balboa requested entry of a final judgment dismissing Case Number 14-22454 with prejudice due to appellant's failure to file a second amended complaint for that case in compliance with the court's October 2016 order.

Without holding a hearing, the trial court granted Balboa's motion for reconsideration and entered a final judgment dismissing appellant's amended complaint in Case Number 14-22454 with prejudice. The trial court made no findings concerning the factors set forth in *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993).

Appellant filed a motion for rehearing. In relevant part, appellant argued that the extreme sanction of dismissal with prejudice for failure to amend was improper for what amounted to a "technicality concerning the pleadings." He asserted that he was never on notice that dismissal with prejudice was a possibility, because he believed that the second amended complaint "did indeed satisfy the requirement for amendment based on the consolidated nature of the cases." Appellant maintained that there

was a far less extreme remedy available—namely, granting him leave to amend to address the scrivener's error in the complaint and to accurately reflect the appropriate claim number with the correct date of loss. However, appellant did not specifically argue that the trial court erred in failing to consider the *Kozel* factors. After the trial court denied appellant's motion for rehearing, he appealed.

On appeal, appellant argues that the trial court reversibly erred by dismissing Case Number 14-22454 with prejudice where the trial court did not make the required finding of willfulness and failed to consider the *Kozel* factors. Further, appellant argues that the record does not support the ultimate sanction of dismissal with prejudice. Appellant maintains that there is no indication in the record that the defects in the second amended complaint were due to willful noncompliance with a court order.

The dismissal of a complaint for failure to comply with a court order is reviewed for an abuse of discretion. *Bank One, N.A. v. Harrod*, 873 So. 2d 519, 520 (Fla. 4th DCA 2004).

In *Kozel*, the Florida Supreme Court explained that "the trial courts need a meaningful set of guidelines to assist them in their task of sanctioning parties and attorneys for acts of malfeasance and disobedience." 629 So. 2d at 818. The court articulated the following factors to assist trial courts in determining whether dismissal with prejudice is warranted as a sanction:

> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;
>
> 2) whether the attorney has been previously sanctioned;
>
> 3) whether the client was personally involved in the act of disobedience;
>
> 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;
>
> 5) whether the attorney offered reasonable justification for noncompliance; and
>
> 6) whether the delay created significant problems of judicial administration.

4

*Id.* "Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative." *Id.* A trial court's decision to dismiss a case "based solely on the attorney's neglect unduly punishes the litigant and espouses a policy that this Court does not wish to promote." *Id.*

"The trial court's failure to consider the *Kozel* factors in determining whether dismissal was appropriate is, by itself, a basis for remand for application of the correct standard." *Ham v. Dunmire*, 891 So. 2d 492, 500 (Fla. 2004).

Here, while appellant's motion for rehearing arguably raised *Kozel* factual matters, appellant did not specifically mention *Kozel* or argue that the trial court erred in failing to consider the *Kozel* factors. Thus, although the trial court clearly erred by failing to make findings as to willfulness and the other *Kozel* factors, it is unclear whether appellant adequately preserved this error. *Compare Shelswell v. Bourdeau*, 239 So. 3d 707, 709 (Fla. 4th DCA 2018) (holding that a trial court's failure to address the *Kozel* factors is an error that cannot be addressed on appeal unless it is preserved by raising the issue at the relevant hearing or in a motion for rehearing or reconsideration), *with Heritage Circle Condo. Ass'n, Inc. v. State, Fla. Dep't of Bus. & Prof'l Regulation, Div. of Condos., Timeshares & Mobile Homes*, 121 So. 3d 1141, 1144 & n.1 (Fla. 4th DCA 2013) (finding issue preserved where appellant had raised "*Kozel* factual matters" in a motion for rehearing even though the motion did not actually mention *Kozel*).

Nonetheless, we find it unnecessary to decide the issue of whether appellant's motion for rehearing was adequate to preserve the error concerning the lack of *Kozel* findings. Regardless of the lack of *Kozel* findings, we conclude that on this record the ultimate sanction of dismissal with prejudice constituted an abuse of discretion.[1]

The record facts simply do not warrant the severe sanction of dismissal with prejudice. At the hearing on Balboa's motion for entry of a final judgment, Balboa presented no evidence that the defects in the second amended complaint were due to willful noncompliance or deliberate disregard of a court order. The errors or omissions in the second amended complaint were easily correctible by a simple amendment. Appellant's attorney had not been previously sanctioned. Nor is there record evidence

---

[1] This argument was preserved in appellant's motion for rehearing, as appellant specifically argued below that the sanction of dismissal with prejudice was an extreme sanction that was improper under the circumstances.

that appellant personally had any involvement in his attorney's negligent drafting of the second amended complaint. Balboa suffered no prejudice apart from pointing out that there was no second amended complaint in Case Number 14-22454 for it to answer. And there was a reasonable justification for appellant's counsel's noncompliance—namely, that he intended for the second amended complaint to apply to both consolidated cases, but neglected to include both of the underlying losses and claim numbers in that complaint. Finally, the delay at issue did not create significant problems of judicial administration.

Based on the foregoing, we reverse the dismissal in Case Number 14-22454 and remand for further proceedings.

*Reversed and Remanded.*

CONNER and KUNTZ, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***