DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PENNY PERLMUTTER**,
Appellant,

v.

**OLYMPUS INSURANCE COMPANY**, a Florida corporation,
Appellee.

No. 4D18-731

[February 20, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard L. Oftedal, Judge, and Edward A. Garrison, Acting Circuit Judge; L.T. Case No. 502015CA010548XXXXMB.

Joel L. Roth, Sagi Shaked and Loretta Guevara of Shaked Law Firm, P.A., Aventura, for appellant.

Marc J. Gutterman and Seth J. Feintuch of Gutterman Trial Group, Fort Lauderdale, for appellee.

KUNTZ, J.

Penny Perlmutter appeals the circuit court's involuntary dismissal of her complaint against Olympus Insurance Company. She raises two issues on appeal. First, she argues the court erred in its application of the factors set forth in *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993), required to justify an involuntary dismissal. Second, she argues she was unfairly prejudiced by the involuntary dismissal. We affirm.

Perlmutter sued Olympus, asserting claims arising out of a homeowner's insurance claim. During the lawsuit, Olympus filed a request for its consulting experts to enter Perlmutter's land to inspect her property. Days before trial and facing court-ordered deadlines to do so, Perlmutter had failed to schedule the inspection. As a result of this failure and other discovery violations, Olympus sought sanctions.

At the end of a hearing on Olympus's motion for sanctions, the court issued an order involuntarily dismissing Perlmutter's complaint. The court addressed each of the six required *Kozel* factors:

> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.

629 So. 2d at 818.

The court explained that Olympus's "long standing quest for discovery beginning with the October 26, 2016, Request for Entry Upon Land has been met with either utter indifference or outright resistance." And "emails were routinely ignored and court ordered deadlines were disregarded." The court noted that it had issued an order that "unequivocally mandated that the inspection take place no later than July 17, 2017." Yet, after the deadline passed, the inspection still had not taken place.

In its order of involuntary dismissal, the court noted that after it issued the order requiring inspection of the property by July 17, "counsel for Olympus made repeated and diligent attempts to schedule the Inspection, mediation and the depositions of any remaining witnesses." But "[d]espite the urgency of the situation, these emails were, for the most part, totally ignored. In those rare instances where there was a response from [Perlmutter], it was to reject the dates proposed by [Olympus] without any suggestion of alternate dates."[1]

The court continued, stating that "the end result was that the court imposed deadlines for discovery and mediation came and went . . . [t]hrough no fault of [Olympus]." Instead, "it appears that the client, [Perlmutter], must assume some, if not the majority of the responsibility for the delays in obtaining discovery by not allowing or permitting inspection of her residence and by not being responsive to her attorney's numerous requests for information and dates."

---

[1] We note that approximately four months after the initial request for entry upon land, Perlmutter provided one date for the inspection that Olympus responded to within minutes but never confirmed. Later, Perlmutter provided a date for the inspection, but the date was after the court-ordered deadline.

The court also found that Perlmutter's "failure to provide discovery has left [Olympus] totally unprepared for a trial that is only days away. To cancel and reset the trial would only serve to reward [Perlmutter] for her flagrant disregard of court orders and encourage similar conduct in the future." The court concluded that Perlmutter "filed this action seeking affirmative relief but has frustrated [Olympus's] attempt to ready itself for trial and willfully and without justification violated this court's Orders." Based on these findings, the court entered the order of involuntary dismissal.

While courts must be careful when dismissing an action for violating court orders or the rules of procedure, in certain cases the ultimate sanction of dismissal is appropriate. Here, the court's findings were supported by competent, substantial evidence. Perlmutter's actions caused prejudice to Olympus and showed a blatant disregard for the court's orders and the efficient administration of justice. As a result, we affirm the court's order in its entirety.

*Affirmed.*

GERBER, C.J., and CIKLIN, J., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**