# Third District Court of Appeal

## State of Florida

Opinion filed September 22, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D20-807
Lower Tribunal No. 17-13796

————————

**Raziel Ofer, et al.,**
Appellants,

vs.

**Michael I. Bernstein, Esq., et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Law Office of Attorney Ovide Val, and Ovide Val; BLU Ocean Law Group, P.A., and Nashid Sabir, for appellants.

Shendell & Pollock, P.L., and Diran V. Seropian (Boca Raton), for appellees Michael I. Bernstein, Esq., and Michael I. Bernstein, P.A. d/b/a The Bernstein Law Firm; The Bernstein Law Firm, and Michael I. Bernstein, for appellees Oceanview Investment Properties, LLC and Oceanview Realty Group, LLC.

Before FERNANDEZ, C.J., and LOGUE and BOKOR, JJ.

LOGUE, J.

Appellants, Raziel Ofer, 702-13 Holdings, LLC, MPM 17A, LLC, Paramount 607, LLC, and 1560/1568 Drexel Avenue, LLC, appeal from the trial court's sanctions order striking their pleadings and dismissing the case with prejudice. We are compelled to reverse and remand for further proceedings under <u>Kozel v. Ostendorf</u>, 629 So. 2d 817, 818 (Fla. 1993).[1]

At the hearing on their motion to strike the complaint which led to the order at issue, Appellees' counsel admitted that they were not seeking a dismissal with prejudice requiring the trial court to make specific findings of fact regarding Appellants' noncompliance with the court's order. Further, because Appellees did not notice the hearing as an evidentiary hearing, the trial court stated several times during the hearing that the record did not provide it the background to address several of the <u>Kozel</u> factors.

---

[1] In <u>Kozel</u>, the Supreme Court articulated a six-factor analysis to determine whether a dismissal with prejudice is an appropriate sanction due to an attorney's behavior:

1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;

2) whether the attorney has been previously sanctioned;

3) whether the client was personally involved in the act of disobedience;

4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;

5) whether the attorney offered reasonable justification for noncompliance; and

6) whether the delay created significant problems of judicial administration.

While neither an evidentiary hearing nor a finding that all of the <u>Kozel</u> factors weigh in favor of dismissal with prejudice is required for a trial court to exercise the "ultimate sanction of dismissal," <u>Ham v. Dunmire</u>, 891 So. 2d 492, 497–500 (Fla. 2004), we have previously remanded for an evidentiary hearing in cases such as this where "the absence of an evidentiary record, the lack of explicit findings as to [the litigant], personally, and the concomitant failure to analyze the <u>Kozel</u> factors, especially as they pertain to [the litigant's] prior counsel, render the order fatally insufficient . . . ." <u>Toll v. Korge</u>, 127 So. 3d 883, 887–88 (Fla. 3d DCA 2013). Our reversal is without prejudice to the trial court rehearing the motion in a context where the <u>Kozel</u> factors can be considered and addressed.

Reversed and remanded.