IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

FELICETTI LAW FIRM, PLLC,

      Appellant,

v.

ANTONIO DE JESUS, TRUGREEN
LIMITED PARTNERSHIP AND
KENNETH MICHAEL TAYLOR,

      Appellees.
_____/

Case No.  5D21-1531
LT Case No. 2019-CA-001453-O

Opinion filed July 8, 2022

Appeal from the Circuit Court
for Orange County,
Emerson R. Thompson, Jr., Senior Judge.

Nicholas A. Shannin and Carol B.
Shannin, of Shannin Law Firm, P.A.,
Orlando, for Appellant.

No Appearance for Appellees.


WOZNIAK, J.

      The Felicetti Law Firm, PLLC ("the Firm"), former counsel for Appellee

Antonio De Jesus, appeals the order granting De Jesus's motion to strike the

charging lien and deeming the lien waived as a sanction for the Firm's

counsel's actions. The Firm argues on appeal that the trial court abused its discretion in striking its charging lien where no sanctionable conduct occurred and, even if a sanction were appropriate, the ultimate sanction of dismissal was too severe. Because no factual findings were made to support the sanction, and because the record does not support the sanction imposed, we must reverse. See Kozel v. Ostendorf, 629 So. 2d 817, 818 (Fla. 1993) (listing factors to be considered, including whether counsel's disobedience was willful, deliberate, or contumacious, in determining whether dismissal is warranted; observing that if a sanction less than dismissal is a viable alternative, the lesser sanction should be employed). In light of the conduct at issue, we remand to the trial court to consider whether lesser sanctions—or any sanctions—are appropriate; any sanctions imposed must be supported by written factual findings.

REVERSED and REMANDED for further proceedings.

EDWARDS and HARRIS, JJ., concur.