# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

———————————————

CHESTERSON CAPITAL, LLC,

Appellant,

v.

CHARLES YANCY; LINDA YANCY KIDSLEY;
AMERICAN FAMILY PROPERTIES, LLC; AFP9723, LLC;
JOHN WALSH; and JOHN WALSH, III,

Appellees.

No. 2D22-3628

———————————————

January 19, 2024

Appeal from the Circuit Court for Hillsborough County; Paul L. Huey, Judge.

Ryan Fojo, Gabrielle Wright, Peter Ticktin of The Ticktin Law Group, Deerfield Beach, for Appellant.

Charles Yancy, pro se.

No appearance for remaining Appellees.

PER CURIAM.

Chesterton Capital, LLC, appeals the trial court's order dismissing with prejudice this case based upon Chesterton Capital's discovery violations and "nine years of repeated failures to comply with [the trial court's] orders." Chesterton Capital argues that the trial court erred in

entering the order because it did not consider the six factors described in *Kozel v. Ostendorf*, 629 So. 2d 817, 818 (Fla. 1993). Before entering the harshest of sanctions—dismissal with prejudice—a trial court should consider the following six factors:

> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.

*Id.* While the trial court has broad discretion to enter sanctions for repeated discovery violations and for failing to comply with court orders, the record before us does not reflect that the trial court considered the six *Kozel* factors. Accordingly, we reverse and remand for the trial court to make written findings of fact on each of the six *Kozel* factors.[1]  *See Ballard v. Bank of Am., N.A.*, 310 So. 3d 999, 1002 (Fla. 2d DCA 2020) (holding that the trial court failed to conduct the *Kozel* analysis and "remanding for the trial court to reconsider the order and make the appropriate written *Kozel* findings if dismissal is appropriate"); *Bennet ex rel. Bennett v. Tenet St. Mary's, Inc.*, 67 So. 3d 422, 424 (Fla. 4th DCA 2011) ("[B]ecause the trial court failed to expressly set forth an analysis

---

[1] Nothing herein shall be construed as a comment on the merits of whether the dismissal with prejudice was an appropriate sanction.

2

of the *Kozel* factors prior to dismissal, we reverse and remand for written findings on that order.").

Reversed and remanded.


MORRIS, LUCAS, and SMITH, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.