# Third District Court of Appeal
## State of Florida

Opinion filed November 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2089
Lower Tribunal No. 22-42907-SP-05
_____

**Midland Credit Management, Inc.**,
Appellant,

vs.

**Terry Maitland**,
Appellee.

An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Law Offices of Andreu, Palma, Lavin & Solis, PLLC, and Carlos Cruanes, for appellant.

No appearance, for appellee.

Before LINDSEY, GORDO and BOKOR, JJ.

PER CURIAM.

Midland Credit Management, Inc., appeals the trial court's order of dismissal with prejudice upon expiration of the extension of time to effect service upon the defendant below. Based on the record on appeal, to the extent the trial court entered the dismissal with prejudice as a sanction for noncompliance with a court order, such dismissal with prejudice without a notice and opportunity to be heard and entry of findings pursuant to the Kozel factors constituted an abuse of discretion. See Kozel v. Ostendorf, 629 So. 2d 817, 818 (Fla. 1993) (noting that dismissing a case solely based on an attorney's neglect unduly punishes the litigant and holding that "[b]ecause dismissal is the ultimate sanction in the adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result"); Deutsche Bank Nat'l Tr. Co. v. Bennett, 291 So. 3d 605, 606 (Fla. 2d DCA 2020) ("This court and others have found such an abuse where a trial judge dismisses an action with prejudice without making express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard." (quotations omitted)); Boca Burger, Inc. v. Forum, 912 So. 2d 561, 573 (Fla. 2005) ("A lower court's decision to impose sanctions is reviewed under an abuse of discretion standard."). To the extent the dismissal was based on the failure to serve within 120 days after filing of the initial pleading directed

2

to the defendant, it was an abuse of discretion to dismiss the action with prejudice. See Fla. R. Civ. P. 1.070(j) (explaining that after notice or on motion if a party fails to show good cause or excusable neglect for failure to effect service within the requisite time the court "must dismiss the action *without prejudice*" (emphasis added)). We therefore vacate the dismissal with prejudice and remand for further proceedings.

Reversed and remanded.