MARSTILLER, J.
Countrywide Home Loans, Inc. (“Countrywide”), filed a mortgage foreclosure action against Wayne Burnette (“Burnette”) in October 2007 after deeming him in default on an $825,000 promissory note and accelerating the loan, but then voluntarily dismissed the action without prejudice in July 2011. When Countrywide did not file a new complaint by early 2013, Burnette filed an action in the circuit court in February 2013 seeking an order declaring that the applicable five-year statute of limitations in section 95.11(2)(b), (c), Florida Statutes (2007), rendered the promissory note and mortgage no longer enforceable (Counts 1 and 2), and seeking, for that reason, to remove the mortgage lien from the property title (Count 3). Ruling on the parties’ opposing motions for summary judgment, the court entered judgment for Burnette on Counts 1 and 2, declaring the promissory note and mortgage “beyond the statute of limitation set forth in § 95.11 F.S. for bringing any action thereon.” On Count 3, the quiet title action, the court entered judgment for Countrywide, ruling that “the mortgage shall remain a valid lien/encumbrance on the Plaintiffs property!.]”
Challenging the judgments on Counts 1 and 2, Countrywide argues that the circuit court lacked authority to grant Burnette declaratory relief because there was no actual controversy over enforceability of the note and mortgage when Burnette filed his complaint. Countrywide also argues the court was wrong on the merits because the legal effect of voluntarily dismissing the foreclosure complaint was to decelerate the loan, allowing a subsequent default, acceleration and foreclosure.
We agree the trial court erred by granting relief on Burnette’s declaratory action claims. Chapter 86, Florida Statutes, creates the declaratory judgment remedy, “affording] relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations!.]” Martinez v. Scanlan, 582 So.2d 1167, 1170 (Fla.1991); see § 86.101, Fla. Stat. “Although the declaratory judgment statute is ... to be liberally construed ... one seeking a declaratory judgment must demonstrate ‘a bona fide, actual, 'present and practical need for [the] declaration.’ ” Dixie Ins. Co. v. Gaffney, 582 So.2d 64, 65 (Fla. 1st DCA 1991) (quoting May v. Holley, 59 So.2d 636, 639 (Fla.1952)). This, Burnette failed to do. In fact, he alleged in Counts 1 and 2 that “No action is, or was at the expiration of the statute of limitation, pending with regards to the enforcement of the Note and/or foreclosure of the Mortgage.” He did not allege such an enforcement attempt was imminent, but only that Countrywide “may claim” some interest in the note and mortgage. Absent a showing by Burnette that there was an actual, present need to determine whether the statute of limitations bars enforcement of the promissory note and mortgage, the trial court erred by granting the declaratory relief he sought. For this reason, we reverse the judgments on Counts 1 and 2.[1]
Turning to the judgment on Count 3, the quiet title action, Burnette claimed that the promissory note and mortgage held by Countrywide became unenforcea *1034 ble five years after Countrywide accelerated the debt in October 2007, and therefore, the mortgage lien was extinguished. That is incorrect. Even if the statute of limitations has run on an action to enforce a promissory note and foreclose on a mortgage, the lien against the property remains valid until five years after the maturity date of the debt secured by the mortgage. See § 95.281, Fla. Stat. (2005). The face of the promissory note Burnette executed reflects a maturity date of November 1, 2035. The mortgage lien, in turn, terminates on November 1, 2040. See Houck Corp. v. New River, Ltd., Pasco, 900 So.2d 601, 603 (Fla. 2d DCA 2005) (“The limitations period provided in section 95.11(2)(c) does not affect the life of the lien or extinguish the debt; it merely precludes an action to collect the debt after five years. Section 95.281(l)(b), conversely, establishes an ultimate date when the lien of the mortgage terminates and is no longer enforceable.”). Accordingly, we affirm the judgment on Count 3.
AFFIRMED in part; REVERSED in part.
THOMAS and KELSEY, JJ., concur.

. Because we hold the trial court could not grant declaratory relief, we do not reach the merits of its decision. But see Nationstar Mortgage, LLC v. Brown, 175 So.3d 833 (Fla. 1st DCA 2015).