REVERSE MORTGAGE
SOLUTIONS, INC.,

     Appellant,

v.

THE UNKNOWN HEIRS,
DEVISEES, GRANTEES,
ASSIGNEES, LIENORS,
CREDITORS, TRUSTEES, AND
OTHER UNKNOWN PERSONS
OR UNKNOWN SPOUSES
CLAIMING BY, THROUGH,
UNDER OR AGAINST ERNEST
GARY BROCK; UNKNOWN
TENANT 1; ALL KNOWN
HEIRS AND DEVISEES OF
DECEDENT AND THE
UNKNOWN SPOUSES OF
SUCH INDIVIDUALS; UNITED
STATES OF AMERICA ON
BEHALF OF SECRETARY OF
HOUSING AND URBAN
DEVELOPMENT; AND ANY
UNKNOWN HEIRS,
DEVISEES, GRANTEES,
CREDITORS, AND OTHER
UNKNOWN PERSONS OR
UNKNOWN SPOUSES
CLAIMING BY, THROUGH
AND UNDER ANY OF THE
ABOVE-NAMED
DEFENDANTS,

     Appellees.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-966

Opinion filed October 7, 2016.

An appeal from the Circuit Court for Jackson County.
William L. Wright, Judge.

Jason F. Joseph of Gladstone Law Group, P.A., Boca Raton, for Appellant.

H. Guy Green, Marianna, for Wayne Brock (a/k/a Appellee Unknown Tenant 1).

No appearance for remaining Appellees.

WETHERELL, J.

Appellant, Reverse Mortgage Solutions, Inc. (RMS), seeks review of the final order dismissing this mortgage foreclosure action with prejudice and cancelling the underlying mortgage. We reverse because the dismissal order constitutes an improper and unwarranted sanction against RMS for the actions of counsel for a different party in a prior case involving the mortgage.

**Factual and Procedural Background**

In April 2007, Ernest Brock entered into a "reverse mortgage" agreement pursuant to which he received what amounted to a line of credit of approximately $300,000 (the loan) in exchange for a promise to repay the funds drawn against the loan, plus interest, on—or, under certain conditions, before—June 28, 2091, and a mortgage on his home in Jackson County. The loan documents authorized the lender to require immediate payment of all outstanding principal and accrued interest upon

2

Mr. Brock's death. When Mr. Brock died in June 2008, he had allegedly drawn more than $136,000 against the loan.

In July 2009, Bank of America (BOA) filed an action to foreclose the mortgage on Mr. Brock's property. The record does not include a copy of the complaint filed by BOA, nor does it include a copy of the motion to dismiss that led to the complaint—and ultimately the case—being dismissed. The case was "dismissed, without prejudice" in December 2010.

In July 2012, RMS initiated this action to foreclose the mortgage on Mr. Brock's property in order to collect the amounts due on the loan. RMS alleged that it was the servicer of the loan and the holder of the note, and that it was authorized by the owner of the note—Federal National Mortgage Association—to bring this action. After the complaint was filed, there was very little record activity in the case until January 2015 when Wayne Brock[1] filed a motion to dismiss the case with prejudice and to cancel the mortgage based on the "willful failure of [RMS] and/or [its] predecessors in interest [to] comply[] with court[] orders."

---

[1] Several documents in the record identify Wayne as Mr. Brock's son. Wayne's motion refers to him as "a person claiming, through or under Ernest Gary Brock, deceased," and the dismissal order refers to him as "Unknown Tenant 1 n/k/a Wayne Brock." However, it does not appear that Wayne was ever formally added as a named defendant in place of or in addition to the various "unknown" persons named as defendants in the complaint and listed as Appellees in this appeal.

In October 2015, the trial court held a short non-evidentiary hearing on Wayne's motion to dismiss. The bulk of Wayne's argument at the hearing focused on the circumstances that led to the dismissal of the 2009 case filed by BOA, although he also briefly argued that RMS lacked the requisite standing to foreclose. RMS responded that this case is separate and distinct from the 2009 case and that its complaint adequately alleged its standing to foreclose. RMS also pointed out that BOA was represented by different attorneys in the 2009 case than the attorneys who were representing RMS in this case. At the conclusion of the hearing, the trial court granted Wayne's motion to dismiss and explained its ruling as follows:

> Mr. Green [Wayne's counsel], I'm going to go out on a limb here, and I think that . . . it's all on the prior counsel. It's not on Mr. Hyatt [RMS's counsel]. I'm going to go ahead and grant your motion to dismiss with prejudice. Let Mr. Hyatt take it up on appeal and see if we've met this.
>
> I know it's a . . . remedy that is not recommended very often . . . . Maybe we can make some new law in this and get this going. . . . .
>
> MR. HYATT: So what is the basis? Is it due to the prior actions of prior counsel?
>
> THE COURT: Yeah. That and the other things that Mr. Green put in there, and what he cited in that "Florida Juris"[2] – those things. . . . .

---

[2] Earlier in the hearing, Wayne's counsel referred to "some stuff out of 'Florida Jurisprudence'" and argued: "There's a number of court orders that they [BOA's attorneys] were ordered to do that they just didn't do. They just shunned the court."

4

* * *

THE COURT: Well, it was the willful and flagrant or deliberate . . . following of the court orders, and the sanctions and things that have happened in this case, including the original filing and ending up having to refile again, and all – all of those things. And I'll further explain it in my order, but that's what I'm basing it on today.

MR. HYATT: So . . . it's stemming from the 2009 case?

THE COURT: Overall, yes, and everything. Yes.

In February 2016, at another short non-evidentiary hearing, RMS attempted to convince the trial court to reconsider its prior ruling by pointing out that BOA and RMS are "completely two different entities" and again arguing that it would be inequitable—and an abuse of discretion based on the Kozel[3] factors—to impute the actions of BOA's attorneys in the 2009 case to RMS in this case. The court declined to reconsider its ruling and thereafter entered an order dismissing this case with prejudice and cancelling the mortgage on Mr. Brock's property. The order contained the following findings and analysis:

1. A prior case was originally filed in Jackson County, Florida 2009-676CA as Bank of America vs. Unknown Heirs, et.al. Bank of America was apparently a predecessor to Reverse Mortgage Solutions, Inc.

(a) In the 2009-676CA case the Plaintiff, Bank of America, was ordered, on or about July 14, 2010, to amend pleadings within twenty (20) days and failed to do so.

---

[3] Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993).

5

Further, the Plaintiff, Bank of America, failed to offer any reasonable explanation for that failure.

(b) On September 3, 2010 the Court entered an Order, in the 2009-676CA case, without notice or hearing for the Plaintiff, Bank of America, to file a Second Amended Complaint within ten (10) days.

(c) The Plaintiff, Bank of America, failed to comply with this Court's Order in the 2009-676CA case.

(d) On September 4, 2010, the Defendant moved to set aside the September 3, 2010 Order, in the 2009-676CA case, as Plaintiff, Bank of America, had failed to give notice to Defendant and failed to comply with the Court's Order.

(e) On December 13, 2010 the Court, in the 2009-676CA case, entered its Order setting aside the September 3, 2010 Order and dismissing the 2009-676CA case without prejudice.

(f) No further action was taken in the 2009-676CA case, except substituting Plaintiff's counsel.

2. A new case was filed by a different Plaintiff, Reverse Mortgage Solutions, Inc., on July 9, 2012 in Jackson County, Florida Case No.: 2012-434CA. In this case, the Plaintiff failed to properly advance this cause. The Plaintiff's current counsel was not substituted in this action until on or about July 17, 2015 and was not involved in the Plaintiff's predecessor's failures.

3. At a status conference on this case held on February 10, 2016 the issues set forth in Kozel vs. Ostendorf, 629 So. 2d 817 (Fla. 1993) were raised. The Court finds that the Plaintiff in case number 2009-676CA case has repeatedly failed to comply with the Court's . . . Order(s) in the 2009-676CA case, and the factors in Kozel, id., have been met and justify[] dismissal with prejudice. Further,

6

the Court finds that the Plaintiff waited some two (2) years before filing this action in the 2012-434CA case and the issues set forth in Kozel, id., have been met in this case.

This timely appeal follows.

## Analysis

Florida Rule of Civil Procedure 1.420(b) authorizes the trial court to dismiss a case based on a party's failure to comply with a court rule or order. But, before dismissing a case with prejudice, the court must consider and make explicit findings on the following factors:

> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.

Kozel, 629 So. 2d at 818. And because dismissal with prejudice is the "ultimate sanction in the adversarial system," it should be reserved for only the most egregious cases. Id.

A trial court's order dismissing a case with prejudice for non-compliance with a court rule or order is reviewed on appeal under the abuse of discretion standard of review. See Wells Fargo Bank, N.A. v. Chatham, 114 So. 3d 1062, 1064 (Fla. 1st DCA 2013).

7

Here, RMS contends that the trial court abused its discretion when it dismissed this case with prejudice and cancelled the mortgage on Mr. Brock's property based on actions of counsel for a different party in a different case. We agree.

It is clear from the dismissal order—and the trial court's statements at the hearing on Wayne's motion to dismiss—that the dismissal of this case with prejudice was imposed as a sanction for the actions of BOA's counsel in the 2009 case, not the actions of RMS or its counsel in this case.[4] We have not located any authority—and Wayne has cited none—remotely supporting the proposition that a party can be sanctioned in this manner for the actions of counsel representing a different party in a different case.

Moreover, even if this case was viewed as a continuation of the 2009 case—and BOA and RMS were viewed as the same party—the sanctions imposed in the dismissal order would not be justified because the trial court's finding that BOA's counsel "repeatedly" failed to comply with court orders in the 2009 case is not supported by the record and appears to be grounded on a misinterpretation of the

---

[4] Although the dismissal order did state that RMS "failed to properly advance this cause," the order does not purport to dismiss this case for failure to prosecute under Florida Rule of Civil Procedure 1.420(e). Dismissal under that rule would not have been proper because despite the minimal record activity between July 2012 and January 2015, the docket shows enough activity during that period to preclude a dismissal for failure to prosecute. Moreover, because a dismissal for failure to prosecute must be without prejudice, see Wright v. Allen, 611 So. 2d 23, 24 (Fla. 1st DCA 1992), RMS's alleged failure to "properly advance this cause" could not justify the trial court's dismissal of this case with prejudice.

8

orders. See U.S. Bank Nat'l Ass'n v. Rodriguez, 41 Fla. L. Weekly D1621 (Fla. 3d DCA July 13, 2016) (reversing order dismissing foreclosure action because record did not support successor judge's determination that counsel violated an order of the predecessor judge because the successor judge misconstrued the predecessor judge's order). Specifically, the July 14 order did not require BOA to file an amended complaint within 20 days as the trial court found; it merely authorized BOA to do so. See Kruger v. Kruger, 124 So. 3d 1033, 1034 (Fla. 3d DCA 2013) (explaining that "[a]n order granting leave to amend permits the party to amend; it does not require it"). Likewise, the September 3 order did not direct BOA to file an amended complaint within 10 days as the court found; rather, it gave the defendants 10 days to respond to the amended complaint that BOA was granted leave to file and that was "deemed filed" as of the date of the order. Finally, the December 13 order vacating the September 3 order did not direct—or even authorize—BOA to file an amended complaint; rather, it simply stated that the case was "dismissed, without prejudice."

Furthermore, even if the orders in the 2009 case could somehow be construed to have required BOA to file an amended complaint within a specified period, BOA's failure to do so would not have supported dismissal of the 2009 case with prejudice because the record does not reflect that BOA was given notice that its failure to timely amend would result in dismissal of the case with

9

prejudice.  See Schindler v. Bank of New York Mellon Trust Co., 190 So. 3d 102, 105 (Fla. 4th DCA 2015) (stating that the trial court could not dismiss case with prejudice for failure to amend if it had not first notified the party of the consequences of failure to amend); Kruger, 124 So. 3d at 1035 (same) (quoting Neu v. Turgel, 480 So. 2d 216, 217 (Fla. 3d DCA 1985), dismissed, 486 So. 2d 598 (Fla. 1986)).  And if BOA's failure to comply with these orders would not have justified dismissal of the 2009 case with prejudice, then that noncompliance certainly cannot justify the dismissal of this case with prejudice.

Additionally, even if the dismissal of this case with prejudice was proper, there was no legal basis for the trial court to also cancel the mortgage on Mr. Brock's property.  See GMAC Mortg., LLC v. Whiddon, 164 So. 3d 97 (Fla. 1st DCA 2015) (noting that trial court's cancellation of mortgage was erroneous irrespective of the propriety of the dismissal of the bank's foreclosure action); Deutsche Bank Nat'l Trust Co. v. Avila-Gonzalez, 164 So. 3d 90 (Fla. 3d DCA 2015) (noting that there was no authority for the trial court to award the borrower "a lottery-like windfall" by cancelling the mortgage based on the bank's conduct in the foreclosure case). Section 95.281(1)(a), Florida Statutes, clearly and unambiguously provides that a mortgage lien encumbering real property is not terminated until five years after the maturity date of the obligation secured by the mortgage if, as in this case, the maturity date is ascertainable from the public records.  Here, although the lender had

10

the authority to—and apparently did—demand immediate payment of the loan upon Mr. Brock's death, the maturity date of the loan is not until June 2091. Accordingly, the mortgage lien against Mr. Brock's property will remain valid until June 2096 even if this foreclosure action had been properly dismissed with prejudice. See Countrywide Home Loans, Inc. v. Burnette, 177 So. 2d 1032, 1034 (Fla. 1st DCA 2015) (rejecting argument that mortgage lien was extinguished five years after the lender accelerated the underlying debt because "[e]ven if the statute of limitations has run on an action to enforce a promissory note and foreclose on a mortgage, the lien against the property remains valid until five years after the maturity date of the debt secured by the mortgage"); Houck Corp. v. New River, Ltd. Pasco, 900 So. 2d 601, 603 (Fla. 2d DCA 2005) ("The limitations period provided in section 95.11(2)(c) does not affect the life of the lien or extinguish the debt; it merely precludes an action to collect the debt after five years. Section 95.281(1)(b), conversely, establishes an ultimate date when the lien of the mortgage terminates and is no longer enforceable.").

Finally, contrary to Wayne's "tipsy coachman" argument on appeal, the dismissal order cannot be affirmed on the ground that RMS lacks standing to foreclose because the note and mortgage attached to the complaint do not name RMS or contain an endorsement or assignment to RMS. We reject this argument because it overlooks the legally sufficient allegations in the complaint—which must be

11

accepted as true at this stage of the proceeding—that RMS is the servicer of the loan, the holder of the note, and the assignee of the note and mortgage. See Deutsche Bank Nat'l Trust Co. v. Lippi, 78 So. 3d 81 (Fla. 5th DCA 2012); see also § 673.3011, Fla. Stat. (providing that person entitled to enforce note and foreclose on mortgage includes holder of note). Although the documents supporting these allegations were not attached to the complaint, we explained in Wells Fargo Bank, N.A. v. Reeves, 92 So. 3d 249, 253 (Fla. 1st DCA 2012), that a foreclosure plaintiff's "[f]ailure to attach a required document can easily be remedied by amendment of a complaint and is not, in itself, justification for the harsh sanction of dismissal with prejudice." See also Wells Fargo Bank, N.A. v. Bohatka, 112 So. 3d 596, 601 (Fla. 1st DCA 2013) (noting that dismissal of complaint with prejudice should be granted only when apparent that complaint could not be amended to state cause of action).

## Conclusion

In sum, the trial court abused its discretion when it dismissed this case with prejudice and cancelled the mortgage on Mr. Brock's property as a sanction for the actions of BOA's counsel in the 2009 foreclosure case. Accordingly, we reverse the dismissal order and remand for further proceedings.

REVERSED and REMANDED.

LEWIS and JAY, JJ., CONCUR.

12