# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

No. 1D18-3656

————————————————

THE BANK OF NEW YORK
MELLON f/k/a The Bank of New
York, as Trustee for the
Certificateholders of the
CWALT, Inc., Alternative Loan
Trust 2007-HY7C Mortgage
Pass-through Certificates,
Series 2007-HY7C,

    Appellant,

    v.

DAVID B. JOHNSON, et al.,

    Appellees.

————————————————

On appeal from the Circuit Court for Bay County.
Elijah Smiley, Judge.

May 13, 2019

WETHERELL, J.

Appellant (the bank) seeks review of the order dismissing its foreclosure action against Appellees (the borrowers) as a sanction for its noncompliance with court orders. We reverse the dismissal order because the record reflects that the bank complied with the court orders on which the borrowers' motion for sanctions—and, hence, the dismissal order—was based.

*Facts*

The bank filed this foreclosure action in December 2011. The parties attended court-ordered mediation in 2012 but no agreement was reached. The trial court again ordered mediation in 2013 and 2014, but the mediations did not take place for reasons attributable to the bank.[1] Thereafter, in early 2015, the trial court directed the parties to attend a "face-to-face mediation" and ordered the bank to bear the cost of the mediation. The mediation was held over three days in April, June, and August 2015, but no agreement was reached.

In November 2015, the borrowers filed a motion to dismiss in which they argued that the bank violated the court orders requiring the parties to mediate because the bank's corporate representatives who attended the 2015 mediations did not have the requisite authority to settle the case. The bank disputed this allegation and the trial court entered an order stating that the matter "shall be scheduled for an evidentiary hearing."

The parties then commenced discovery on the issue of the corporate representative's settlement authority. During the course of this discovery, the trial court entered several orders directing the bank to respond to the borrowers' discovery requests. Specifically, on April 11, 2016, the court granted the bank's motion for an extension of time to respond to the borrowers' interrogatories and ordered the bank to respond "by April 17, 2016;" and on July 12, 2016, the court granted the borrowers' motion to compel additional interrogatory responses and ordered the bank to provide the borrowers with addresses for two specific witnesses "within 5 days."

Thereafter, there was very little record activity in the case until May 2017 when the borrowers filed a motion for sanctions in which they argued that this case should be dismissed based on the

---

[1] The bank failed to schedule the mediation required by the 2013 order and the mediation required by the 2014 order did not take place because the bank's corporate representative appeared by phone rather than in person as required. The trial court ordered the bank to pay $2,350 of the borrowers' attorney's fees and costs as a sanction for these actions.

bank's failure to comply with the April 11 and July 12 orders. A senior judge (Judge Brace) held a hearing on the motion in June 2018, and several weeks after the hearing, a different judge (Judge Smiley[2]) entered an order of dismissal. The order stated that "[t]he basis of the dismissal is numerous violations of prior Court Orders in this case by [the bank]."

The bank filed a motion for rehearing in which it argued, among other things, that dismissal was unwarranted because it had complied with the April 11 and July 12 orders on which the motion for sanctions was based. Judge Smiley held a hearing on the motion and thereafter entered an order denying the motion without explanation.

This appeal followed.

### *Analysis*

The bank argues on appeal—as it did below—that the dismissal order is deficient because it does not contain the findings required by *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993), to justify the ultimate sanction of dismissal; that Judge Smiley did not have the authority to enter the dismissal order because he did not preside over the hearing on the borrowers' motion for sanctions on which the order was based; and that dismissal was unwarranted because the bank complied with the orders on which the motion for sanctions was based. We find it unnecessary to address the sufficiency of the dismissal order or Judge Smiley's authority to enter the order because the record clearly establishes that the bank complied with the specific orders on which the motion for sanctions was based—i.e., the April 11 and July 12 orders.[3]

---

[2] At the hearing on the bank's motion for rehearing, Judge Smiley explained that he signed the order on behalf of and at the direction of Judge Brace.

[3] We reject the borrowers' argument that a transcript of the hearing on the motion for sanctions was necessary for us to review this issue. The hearing was not an evidentiary hearing and the bank's compliance (or not) with the court orders can be gleaned from the record that was transmitted to this court.

Specifically, with respect to the April 11 order, although the record reflects that the bank served its responses to the borrowers' interrogatories on Monday, April 18, 2016, one day after the April 17 deadline established in the order, the responses were timely because April 17 was a Sunday. *See* Fla. R. Jud. Admin. 2.514(a)(1)(C) (explaining that if a deadline falls on a Saturday, Sunday, or legal holiday, the deadline is extended to the next business day). With respect to the July 12 order, the discovery response providing the two witnesses' addresses that was served by the bank on Monday, July 18, 2016, was timely because the five-day period in the order excluded the intermediate Saturday and Sunday and did not expire until Tuesday, July 19. *See* Fla. R. Jud. Admin. 2.514(a)(3) ("When the period stated in days is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the calculation."). Accordingly, the trial court abused its discretion[4] to the extent that the dismissal order was based on the bank's alleged failure to comply with the April 11 and July 12 orders.

The borrowers' answer brief does not dispute the bank's compliance with the April 11 and July 12 orders but rather argues that the dismissal of this case was justified by other instances of the bank's noncompliance with court orders, such as its repeated failure to comply with the mediation orders entered by the trial court. The problem with that argument (aside from it not being raised in the borrowers' motion for sanctions) is that the bank was already sanctioned for its failure to comply with the 2013 and 2014 mediation orders and the trial court did not—and without an evidentiary hearing, could not—find that the bank failed to comply with the 2015 mediation order by not having corporate representatives with full settlement authority at the mediation held pursuant to that order. Accordingly, even if the dismissal

---

[4] *See Reverse Mortgage Solutions, Inc. v. Unknown Heirs*, 207 So. 3d 917, 920 (Fla. 1st DCA 2016) ("A trial court's order dismissing a case with prejudice for non-compliance with a court rule or order is reviewed on appeal under the abuse of discretion standard of review.").

order was based on matters other than those alleged in the borrowers' motion for sanctions, reversal would be required.

### *Conclusion*

For the reasons stated above, the dismissal order is reversed and this case is remanded for further proceedings.[5]

REVERSED and REMANDED.

WOLF and MAKAR, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Nancy M. Wallace of Akerman LLP, Tallahassee; William P. Heller of Akerman LLP, Fort Lauderdale; and Eric M. Levine of Akerman LLP, West Palm Beach, for Appellant.

Jeffrey P. Whitton of Whitton Law, Panama City, for Appellees.

––––––––––––––––––

[5] We encourage the trial court (and the parties) to conduct such proceedings as expeditiously as possible because this case has been pending for more than seven years and the parties have spent an inordinate amount of that time focused on the adequacy of the mediation process rather than the merits of the case. Indeed, from our review of the record, there does not appear to be any reason that this case cannot be promptly tried upon remand.